In re WEGMAN et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

CONTEMPT—SUFFICIENCY OF EVIDENCE—ASSIGNMENTS FOR CREDITORS.

After the making of an assignment for creditors, the assignor's bookkeeper, who continued to keep the books for the assignee, took a ledger from a safe, and under the assignor's direction placed it in an adjoining room. There was no direct evidence that the assignee knew of such direction or of the disposition of the book. He testified that he never had the ledger in his possession. It was an old book, and the assignee had no occasion to use it in preparing the inventory and schedules. *Held* error to convict the assignee of contempt for failing to produce the ledger, as proof of willful disobedience to a court's order, essential to such a conviction, should not be left to inference or conjecture.

Appeal from special term, New York county.

In the matter of the assignment of D. Wegman's Sons, M. Angelo Elias, assignee, was adjudged to be in contempt for failing to obey an order to produce a ledger, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

A. S. Gilbert, for appellant.
John A. Thompson, for respondent.

McLAUGHLIN, J. In August, 1896, the firm of D. Wegman's Sons made a general assignment for the benefit of creditors to M. Angelo Elias, the appellant herein. The assignee accepted the trust, gave the bond required, and entered upon the discharge of his duties. At and for about a year prior to the time of the assignment the assignors had employed one Appleton as a bookkeeper, and he continued to act in that capacity for the assignee for about two weeks after the assignment was made, during which time he had charge of the office and all the books and papers of the assignors. Shortly after the assignment, one of the creditors of the assignors obtained an order permitting an inspection and discovery, with leave to take copies of all

books, papers, and documents belonging to the assignors from the 1st of August, 1892, down to the time the order was made; and the assignee was required for that purpose to deposit with the referee, at a time specified in the order, all the day books, cash books, ledgers, letter books, and books of account of every kind and character used in the business of the firm of D. Wegman's Sons between the 1st day of August, 1892, and the 1st day of October, 1896. In obedience to the direction contained in the order, the assignee deposited with the referee all the books and papers called for, except the ledger, cash book, and journal for the years 1892 and 1893. The assignee's attention was called to his failure to produce such books, and he was requested to comply with the order in that respect, and, having neglected to do so, a motion was made to punish him for contempt. In opposition to the motion the assignee presented his own affidavit, in which he denied that he then had, or ever had had, any books of account used by the assignors other than those deposited with the referee. The court thereupon sent the matter to a referee to determine whether the assignee had the books of account designated, and to make a report thereon. The referee reached the conclusion, as appears from his opinion, that the firm of D. Wegman's Sons kept a ledger and cash book during the years in question, and that these books were in the office of the assignors when Appleton was discharged, and therefore it was within the power of the assignee to produce them. Upon his report, and the testimony taken by him, the assignee was adjudged guilty of contempt, and ordered to pay a fine of $100 as damages, costs, and expenses occasioned by his contempt, and that he be committed to the jail of the city and county of New York until he had deposited the ledger of the firm of D. Wegman's Sons for the years 1892 and 1893, and paid the fine directed. From this order the assignee has appealed.

We think the order should be reversed. There was no evidence before the referee or before the court which established, or tended to establish, that the assignee had ever seen or had the possession or control of the book which he was directed to produce. Giving to the moving papers the most favorable consideration possible, all they tend to show is that there was a ledger used by D. Wegman's Sons in 1892 and 1893, which was in the safe of the firm when the assignment was made; that for about two weeks after the assignment the assignee employed Appleton, the former bookkeeper of the assignors, to remain, and take charge of the assigned estate; that while thus employed Appleton took the ledger in question, at the request of one of the assignors, from the safe, and placed it in a desk in the room adjoining the office, where, so far as appears, it was when Appleton left. It did not appear that the assignee knew of the directions given to Appleton, or of the disposition made of the book by him. On the contrary, Appleton testified that he never informed the assignee of what he did with the book, and that he did not see him from the time he put the book where he did until the hearing before the referee. The assignee testified that he had never had any books of account used by the assignors other than those deposited with the referee, and his statement was not contradicted in any way. The ledger referred to was an

old one, not in use when the assignment was made, its use having been discontinued by Appleton immediately after he entered the employ of the assignors.    The assignee had no occasion to and did not use or refer to it in preparing the inventory and schedules.    It does not require an extended discussion to show that under such facts the assignee could not legally be adjudged guilty of contempt.    Before he could be deprived of his liberty, the fact that he had willfully disobeyed the order of the court must be clearly established.    That fact could not be left to inference or conjecture.    The proof must show beyond a reasonable doubt that he had willfully refused to do what the court directed.    He could not willfully refuse unless he had the power to comply with the directions contained in the order.    Therefore, before he could be punished for not producing the book in question, it was necessary to show that he could produce it.    His uncontradicted evidence is that he never had possession or control of the book, and had no knowledge of it, and there is no evidence that tended to impeach him.    He could not be required to perform an impossibility, and yet this is what the order, so far as the moving papers show, demanded; and because he could not comply with it he has been adjudged guilty of contempt of court.    Even if the court did not give weight to his testimony, the case was left without any satisfactory evidence that the appellant had possession of the book, and the fact which justified the punishment was unproved.

The order appealed from must be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.