### WATERTOWN PAPER CO. et al. v. PLACE et al.

(Supreme Court, Appellate Division, First Department.   May 11, 1900.)

CONTEMPT—WILLFUL DISOBEDIENCE—REFUSAL BY PARTY TO OBEY AN ORDER OF COURT.

> Where there is no evidence to show that the refusal by a party to obey an order of court is willful, he will not be punished for contempt.

Appeal from special term, New York county.

Action by the Watertown Paper Company and others against Josiah W. Place as assignee for the benefit of creditors of Walter & Place, impleaded with others.   From an order punishing the assignee for contempt in failing and refusing to produce certain bank checks of his assignor for plaintiff's inspection, he appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

J. S. L'Amoreaux, for appellants.
Joseph A. Arnold, for respondents.

RUMSEY, J.   To entitle the plaintiffs to this order, the proof must show beyond reasonable doubt that the assignee had willfully refused to do what the court directed.   In re Elias, 40 App. Div. 632, 57 N. Y. Supp. 987.   A careful examination of the testimony leads us to the conclusion that this burden was not borne by the plaintiffs, and that the facts did not warrant a finding that the assignee willfully refused to obey this order.   It is quite true that the referee, who had the witnesses before him, and saw their demeanor on the stand, reported that the assignee did not satisfactorily account for the absence or loss of certain books, and it may be quite true that such was the fact at the time the report was made.   But it appears that afterwards these books and the vouchers accompanying them were found under circumstances that warrant us in concluding that the statement of the assignee as to the manner in which they were lost is true, and he has produced all the books, and all the vouchers but three.   There is no evidence whatever from which we can see that the three checks not produced were of any importance in this case. It is suggested by the counsel for the plaintiffs in his brief that these checks may have been drawn to the order of the assignee, but there is not a particle of evidence that they were so drawn, or that he received any amount of money whatsoever.   No motive for the concealment of these checks is shown, and it is impossible to see why the assignee should refuse to produce them if he had them.   There is no ground for the inference that he willfully refused to obey the order

of the court, and for that reason we conclude that the order punishing him for contempt should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.