(110 App. Div. 537.)

PEOPLE v. KEENAN, City Chamberlain.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. CONSTITUTIONAL LAW—MONEYS PAID INTO COURT—DISPOSITION—DUE PROCESS OF LAW.

    Laws 1892, p. 1207, c. 651, § 9, providing that, when any sum of money paid into court shall have remained in the hands of any county treasurer or of the chamberlain of the city of New York for the period of 20 years, it shall be paid over by such officer to the State Treasurer, who shall pay such sum of money to the owner thereof on presentation of a Comptroller's warrant therefor, which warrant shall be drawn by the Comptroller on the presentation to him of an order of court, etc., is not invalid as depriving beneficiaries interested in such money of their property without due process of law.

    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 797.]

2. DEPOSITS IN COURT—DISPOSITION—STATUTE.

Nor does such section change or nullify any order or decree of court under which the deposit of such money was made. .

3. SAME—DEVESTING COURT OF GENERAL JURISDICTION.

Nor is said section invalid as devesting the court of its general jurisdiction.

O'Brien, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by the people against Patrick Keenan, as chamberlain of the city of New York. From an order granting a peremptory writ of mandamus, directing defendant to pay over to the Treasurer of the state all moneys paid into court, and in his custody, remaining unclaimed for 20 years or more, etc., defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and CLARKE, McLAUGHLIN, INGRAHAM, and HOUGHTON, JJ.

John F. O'Brien, for appellant.

James G. Graham, Deputy Atty. Gen., for the People.

HOUGHTON, J. The appellant, as chamberlain of the city of New York, has in his possession more than half a million dollars, the aggregate of many court deposits made with his predecessors more than 20 years ago. The state of New York claims these moneys should be paid over to its Treasurer by virtue of the provisions of section 9, c. 651, p. 1207, Laws 1892, which reads as follows:

"Sec. 9. Whenever any sum of money paid into court shall have remained in the hands of any county treasurer or of the chamberlain of the city of New York, for the period of twenty years, it shall be paid over by such officer with all accumulations of interest thereon, after deducting his legal fees, to the Treasurer of the state of New York. Such treasurer shall pay such sum of money to the owner or owners thereof upon the presentation to him of the warrant of the Comptroller therefor. The Comptroller shall draw his warrant for such sum upon the presentation to him of an order of the court made in accordance with section seven hundred and fifty-one of the Code of Civil Procedure, and upon due notice to said Comptroller."

This provision was enacted as a part of a series of amendments to certain sections embraced within chapter 8, tit. 3, of the Code of Civil Procedure. The purpose of the law quoted and of the several amendments is to place certain court funds now held by local designated depositories in the custody of the state subject to the control of the Comptroller and the State Treasurer.

The first ground upon which the appellant resists the demand of the state to the custody of these funds is that it deprives the beneficiaries thereof of their property without due process of law. This is wholly untenable. The act does not in terms or by inference change in the slightest particular the ownership of the funds in the custody of the chamberlain. By express terms it provides for payment of the moneys to the owner or owners thereof upon the warrant of the Comptroller as ordered by the court. The title to them is vested in known or unknown beneficiaries, and a change of their custody from one officer to another no more changes the title of the beneficial owners of the fund, than does a change in the personnel of the office of chamberlain, or of the treasurer of any county of the state. The law expressly provides

that, when the term of office of one official expires, the title to all the moneys and property in the hands of the officer shall vest in his successor in office, and all accounts standing in his name in a bank, trust company, or other depository are required to be carried to the account of his successor in office. Code Civ. Proc. § 750. The succession in office of respective chamberlains changes the person who holds the qualified title and custody of the fund, but it never interferes with the character of such title, nor does it at all affect the beneficial interest of the true owner. The office of chamberlain of the city of New York is a legislative one, and the duties devolving upon him as the designated depositary of court funds are imposed by the Legislature. Greater New York Charter, tit. 3; Laws 1897, p. 60, c. 378. With the establishment of this office and with the powers and duties connected therewith the judiciary had no part, either acting as a body or sitting as a court. The power which creates has the power to destroy, and with the exercise of this right courts have nothing to do. If the Legislature should choose to abolish the office of chamberlain of the city of New York, it would have the undoubted right so to do; and in that connection it would also have the right and power to provide that the duties now performed by him, including the custody of court funds held by him, should be performed by another municipal officer. Indeed, in the creation of Greater New York, the Legislature abolished the office of treasurer of the county of Richmond and devolved the duties thereof upon the chamberlain of the city of New York (Greater New York Charter, § 1587); and by the provisions of section 197 of such charter (as amended) the duties of county treasurers in respect to moneys paid into court in the counties of New York, Kings, Queens, and Richmond were devolved upon the chamberlain of the city of New York, and he is now performing such duties by virtue of legislative direction, and a large portion of the funds in controversy came from the county treasurers of the counties above named, other than New York county. Such change of officers and offices with respect to the custody of the funds thus transferred to the control of the city chamberlain in no wise affected the right and title of the beneficiaries therein. He holds them subject to such rights, and may be required to pay them over to the rightful owner whenever ordered by the court so to do. So, too, must the State Treasurer pay over when the moneys shall come to him. The exercise by the Legislature of its power in designating the Treasurer of the state as the custodian of such moneys, under the provisions of the act now under consideration, is in no wise different from the exercise of that power with respect to the chamberlain of the city of New York.

The second objection urged by the appellant is that the act in question vacates or nullifies or interferes with orders of the court. The essential part of an order or decree made by the court with respect to the deposit of moneys is that the depositary designated shall retain the custody and control of the moneys until the further order of the court making such order or decree, with a direction to invest and reinvest the same in a general or specific manner. The force of an order of this character operates alike upon every officer having the custody of the money. It does not, and could not, operate only upon the particular person holding the particular office at the time of the mak-

ing of the order for deposit for all future time, for such individual must. surely die, and he may not be re-elected. When death or the election of another occurs, there is a change in the custodian of the fund. Such event cannot affect the terms of the order or decree under which the money is held. The order or decree applies with the same force to the successor in office or other custodian of the fund, as it did to the person who held the office when the order was granted and the deposit made. If a change in the occupant of the office worked a change in the order or decree under which the money was held, it would follow that the present chamberlain has no authority over the moneys which have come to him from the treasurers of the counties of Kings, Queens, and Richmond, or even from his predecessors in office, as the orders and decrees under which he now holds the moneys which are in controversy were made long prior to his incumbency. Each depositary takes the fund subject to the order or decree directing its deposit, and he becomes bound to execute the trust thereby committed to his care, in conformity with the terms of the order under which he holds it and under which it was originally deposited.

The act in question does not seek to change the order or decree under which the deposit was made. The Treasurer of the state of New York becomes bound by the very terms of the act to pay it out only under an order of the court to be hereafter made. The Legislature by various enactments has changed the depositary of court funds, and, so far as we are aware, it has never before been urged that such a change tended to divest the property rights of the beneficiaries, or to nullify or interfere with the prior orders of the court. Under the rules of the court of chancery the clerk of that court was the depositary of securities and funds paid into court. On the abolition of that court by chapter 280, p. 319, of the Laws of 1847, the Legislature directed that the clerk of the Court of Appeals should thereafter have the custody of such securities and funds. It is urged that this was a necessity because the court of chancery was abolished. But the Legislature seems to have had no misgivings with respect to its rights, because by chapter 277, p. 404, of the Laws of 1848, it again changed the depositary and directed that the clerk of the Court of Appeals be required to transfer each real estate security held by him to the various county treasurers of the county in which the mortgaged property was situated, and as to that situated in the city of New York to the city chamberlain. From as early as the Revised Statutes of 1828, the Legislature has assumed to instruct the court with respect to where and how funds paid into court should be deposited (Rev. St. [1st Ed.] pt. 3, c. 1, tit. 2, §§ 17, 18, 19) ; and this has been continued by various enactments incorporated into the Code of Civil Procedure. While not conclusive, it is, nevertheless, significant that it has never been heretofore urged that a change by the Legislature of a depositary worked a modification of the decree of the court. That the Legislature has the right, without infringing upon the general jurisdiction of the Supreme Court, to designate a place where court moneys shall be deposited, has been expressly held by the Court of Appeals in Matter of Estate of Stillwell, 139 N. Y. 337, 34 N. E. 777. The authorities relied upon by appellant of Matter of Greene, 166 N. Y. 485, 60 N. E. 183, and Livings-

ton v. Livingston, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600, are not to the contrary of the conclusions here reached. In the former case the Legislature attempted to vacate a judgment and grant a new trial; and in the latter it modified a final judgment directing the payment of alimony in an action for divorce where such right had not been reserved by the judgment. That it exceeded its power in each instance was very plain. In the present case it has neither attempted nor effected any such modification of an order or decree of the court.

Our conclusion is that the act in question neither deprives beneficiaries interested of their property without due process of law, nor attempts to vacate or nullify any decree of the court, nor does it divest or attempt to divest the court of its general jurisdiction; and that the order granting a peremptory mandamus directing the chamberlain of the city of New York to pay the funds specified to the Treasurer of the state was proper, and should be affirmed.

McLAUGHLIN and CLARKE, JJ., concur. O'BRIEN, P. J., and INGRAHAM, J., dissent.