### PEOPLE v. KEENAN.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

1. DEPOSITS IN COURT (§ 12*) — PROCEEDINGS FOR DELIVERY OUT OF COURT — REFERENCE.

   Under an order of court requiring the chamberlain of the city of New York to pay to the State Treasurer all sums of money paid into court in a certain county and which have remained unclaimed for a period of 20 years, it was proper to appoint a referee to take testimony, and report whether certain money remaining on deposit for such period was unclaimed.

   [Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 13; Dec. Dig. § 12.*]

2. CONTEMPT (§ 25*)—DISOBEDIENCE OF ORDER OF COURT.

   It is not a contempt of court for the chamberlain of the city of New York, who has been ordered to pay to the State Treasurer all money which has remained unclaimed in his hands for 20 years, to ask for the

, appointment of a referee to ascertain whether certain·sums of money are unclaimed.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 25.*]

3. MANDAMUS (§ 9*)—ALIAS WRIT.

Though the appellate court may, in a proper case, direct that an alias writ of mandamus issue and be in such form as to accomplish the purpose intended, it should not direct the issue of such writ, unless, on conceded facts, the party applying for it is legally entitled thereto.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 9.*]

4. DEPOSITS IN COURT (§ 12*)—DELIVERY OUT OF COURT—ALIAS ORDER.

Where the court pursuant to Laws 1892, p. 1207, c. 651, § 9, ordered the chamberlain of the city of New York to pay to the State Treasurer all sums of money paid into court in certain counties which have remained unclaimed for a period of 20 years, the court could not properly issue an alias order. directing payment of all such money which has remained in the hands of the chamberlain for a period of 20 years, whether claimed or unclaimed.

[Ed. Note.—For other cases, see Deposits in Court, Dec. Dig. § 12.*]

Appeal from Special Term, New York County.  ·

Action by the People against Patrick Keenan, as chamberlain of the city of New York. From an order denying a motion to punish defendant for contempt, and appointing a referee to take testimony and report, plaintiff appeals. Affirmed.

See, also, 110 App. Div. 537, 97 N. Y. Supp. 77.

Argued before - INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James O'Malley, for the People.

Theodore Connoly, for respondent.

McLAUGHLIN, J. Upon the application of the Attorney General of the state the chamberlain of the city of New York was directed by peremptory writ of mandamus to pay to the Treasurer of the state of New York pursuant to the provisions of section 9, c. 651, p. 1207, Laws 1892, "any and all sums of money heretofore paid into court in the counties of New York, Kings, Queens and Richmond now on deposit and which have remained unclaimed in the hands of the chamberlain of the city of New York ·and of the county treasurers of the counties of Kings, Queens and Richmond for the period of twenty years· or more, together with all accumulations of interest ·thereon, after deducting his legal fees." An appeal was taken from the order directing that the writ issue, but the same was affirmed. People v. Keenan, 110 App. Div. 537, 97 N. Y. Supp. 77. An appeal was then taken to the Court of Appeals with the same result. 185 N. Y. 600, 78 N. E. 1108. After the order had been affirmed by the Court of Appeals and its judgment made the judgment of the Supreme Court, the chamberlain filed a return showing that he had paid to the Treasurer of the state of New ,York certain of the moneys described in the writ, and that he still held as such chamberlain· other moneys which had remained on deposit for more than 20 years, but he was unable to state. whether ·they had during that time remained unclaimed. A· few days later he applied for the appointment of a referee to take tes-

timony and report to the court whether any of the moneys referred to in the return and remaining on deposit in his office for a period of 20 years or more had during that time remained unclaimed. About the same time the Attorney General made a motion to punish the chamberlain for contempt in not paying such moneys to the State Treasurer. Both motions were heard together, and resulted in one order. The motion for the appointment of a referee was granted, and the motion to punish for contempt denied. From this order, the people appeal.

The chamberlain was directed to pay to the State Treasurer moneys which had remained unclaimed for a period of 20 years or more. He complied with the order of the court, so far as he could, by paying over all of the money which he knew had been unclaimed for that length of time. He could not—and comply with the order—pay over the balance until it had first been ascertained that the same had remained unclaimed for 20 years or more. Ross v. Butler, 57 Hun, 110, 10 N. Y. Supp. 444; Rowley v. Feldman, 66 App. Div. 463, 73 N. Y. Supp. 385. The only way this could be ascertained was by taking proof upon the subject. The court, of course, could have heard such proof in the first instance, but it was not obliged to do so. It could direct a referee to take and report the same, and this it properly did. Matter of Lawson, 109 App. Div. 195, 96 N. Y. Supp. 33.

Clearly the chamberlain was not guilty of contempt. Matter of Wegman's Sons, 40 App. Div. 632, 57 N. Y. Supp. 987; Watertown Paper Co. v. Place, 51 App. Div. 633, 64 N. Y. Supp. 673; Saal v. South Brooklyn Ry. Co., 122 App. Div. 364, 106 N. Y. Supp. 996; Ketchum v. Edwards, 153 N. Y. 534, 47 N. E. 918. The writ only directed him to pay what had remained "unclaimed" for the period of 20 years or more. But it is suggested by the appellant that under the statute (section 9, c. 651, p. 1207, Laws 1892) the state is entitled to have all of the moneys paid into court which have remained in the hands of the chamberlain for a period of 20 years or more, together with all the accumulations of interest thereon, paid over to the Treasurer of the state, and this irrespective of whether such moneys have or have not been claimed, and that for the purpose of giving effect to the legislative intent as expressed in the statute the word "unclaimed" as used in the writ should be disregarded, or that this court should issue an alias writ to take its place, omitting such word. It is undoubtedly true that an appellate court may in a proper case direct that an alias writ issue, and that the same be in such form as to accomplish the purpose intended. People ex rel. Johnson v. Supervisors of Delaware County, 9 Abb. N. S. 408, affirmed 45 N. Y. 196; People ex rel. Henry v. Nostrand, 46 N. Y. 375. But it never directs that such writ issue, unless, upon conceded or admitted facts, the party applying for it is legally entitled thereto; and such is not this case. Here the court is asked to punish the chamberlain for a violation of its order; and whether or not he has violated the order depends, of course, upon what it directed him to do, and this must be determined from the mandate itself without adding to or taking words from it. The chamberlain was not directed to pay to the State Treasurer any specific sum of

money, but only such as had remained unclaimed for a period of 20 years or more. This he did, so far as he had knowledge on the subject, and it was all the writ directed him to do.

It is also contended by the appellant's counsel that the statute makes no distinction between moneys claimed and unclaimed. The determination of this question is not necessarily involved in this appeal. If it were, I should have no hesitation in reaching the conclusion that the Legislature intended that it should apply only to moneys paid into court, and which had remained unclaimed for a period of 20 years or more. This intent, it seems to me, is fairly to be gathered from the purpose sought to be accomplished by the statute, as well as from the words used in it.

The order appealed from, therefore, is affirmed, with $10 costs and disbursements. All concur.