(140 App. Div. 326.)

GREENBERG v. POLANSKY et al.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

1. CONTEMPT (§ 24*)—ACTS CONSTITUTING.

One is not in contempt for not doing what he cannot do; and hence, where one was ordered by a court to execute and deliver to another a bill of sale of a certain business and an assignment of the lease on the premises where the business was located, and such person was at the time dispossessed for nonpayment of rent, and the personal property in question had been removed and was in custody of the city, he was not in contempt of court in inserting in the assignment given that the lease had been "can-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

celed and annulled by a warrant in summary proceedings for the nonpayment of rent," and in incorporating in the bill of sale the statement that the chattels had been in possession of the city, since he transferred whatever right he had at the time, which was all that the judgment directed him to do.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 71–74; Dec. Dig. § 24.*]

2. CONTEMPT (§ 60*)—POWER TO PUNISH—SUFFICIENCY OF EVIDENCE.

One cannot be punished as for contempt for failure to comply with a judgment of a court, unless such failure be established with reasonable certainty.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 187; Dec. Dig. § 60.*]

Appeal from Trial Term, New York County.

Action by Ida Greenberg against Louis Polansky, impleaded with others. From an order adjudging defendant Polansky guilty of contempt, he appeals. Reversed, and motion to punish for contempt denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Charles Frankel, for appellant.
Jacob J. Schwebel, for respondent.

McLAUGHLIN, J. The appellant, to enable him to purchase a laundry in the city of New York, borrowed $300 from the plaintiff. The laundry consisted of certain personal property and a lease of real estate. Plaintiff claimed that Polansky, when he borrowed the money, agreed to give her, as collateral security for the payment of the sum borrowed, a bill of sale of the personal property and an assignment of the lease. This he denied, and she thereupon brought an action for specific performance. She was successful in the action, and on the 16th of June, 1910, judgment was entered which decreed:

"That the defendants, and each of them, within five days after the personal service upon them of a certified copy of this decree, execute and deliver to the plaintiff a bill of sale of the laundry business located at 203 Broome street, Manhattan borough, New York City, and also within said time to execute and deliver to this plaintiff an assignment of the lease on the premises in which said laundry business is located."

On the day the judgment was entered a certified copy of it was served upon Polansky, and four days later he executed and delivered to the plaintiff an assignment of the lease and also a bill of sale of the personal property referred to. The assignment contained a statement to the effect that the lease had been "canceled and annulled by a warrant in summary proceedings for the nonpayment of rent," and the bill of sale contained a statement that the "chattels have been in the possession of the corporation of the city of New York and taken * * * through its bureau of incumbrances on or about the 1st day of April, 1910." Both the assignment and the bill of sale were immediately returned, on the ground that they did not comply with the judgment, and thereupon a motion was made to punish the defendant for a contempt for such failure.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the hearing of the motion it appeared from the papers presented that the appellant was in fact dispossessed in summary proceedings for the nonpayment of rent and removed from the premises by the city marshal on the 29th of March, 1910; that the personal property was at the same time removed and placed upon the sidewalk. It also appeared that on the same day the plaintiff's attorney was notified by the appellant's attorney that the personal property had been placed on the sidewalk, and that he would get his client to waive entry of judgment, so that the plaintiff could have the property at once. No attention was paid to the notice, and the personal property was subsequently removed from the sidewalk by the bureau of incumbrances, and, so far as appears, the same has since been held by such department.

Notwithstanding the foregoing facts, which were not disputed, the appellant was adjudged guilty of a contempt of court, for which a fine was imposed amounting to the plaintiff's recovery, with costs, and in default of payment he was directed to be committed to the county jail of the county of New York, to be there detained until such fine was paid or he was discharged according to law. The appeal is from that order.

I am unable to see any basis whatever for the order appealed from. The appellant did all that the decree directed him to do. He assigned the lease, or whatever interest he had in it, and transferred all the interest which he had in the personal property. This is all he could do. The fact that he included in the assignment a statement that he had been dispossessed of the premises leased, and in the bill of sale that the property was in possession of the bureau of incumbrances, did not affect those instruments because such statements in no way injured the plaintiff. The instruments transferred to her whatever right or interest the appellant then had, and that is all the judgment directed him to do.

It is suggested that he purposely defaulted in the payment of the rent, to the end that he might be removed, and thereby deprive the plaintiff of any benefit she might obtain under her judgment. The papers used upon the motion did not establish this fact. Besides, the judgment did not direct him to pay the rent, and he was removed nearly two months before it was entered. One cannot be punished for failure to comply with a judgment of the court, unless such failure be established with reasonable certainty. Ketchum v. Edwards, 153 N. Y. 534, 47 N. E. 918. He could not be punished for contempt for not doing what he did not have the power to do. Matter of Wegman's Sons, 40 App. Div. 632, 57 N. Y. Supp. 987; Watertown Paper Co. v. Place, 51 App. Div. 633, 64 N. Y. Supp. 673; Saal v. South Brooklyn Railway Co., 122 App. Div. 364, 106 N. Y. Supp. 996. He could not give the plaintiff the assignment of a lease which entitled her to possession, because he did not have a lease which could be assigned, nor could he give her possession of the personal property called for by the bill of sale, because that was held by the city.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to punish for contempt denied, with $10 costs. All concur.