In the Matter of the Application of M. J. WALSH, as
   Deputy Comptroller of the State of New York,
   Respondent, for an Order Transferring Certain Court
   and Trust Funds from THE NEW YORK LIFE INSUR-
   ANCE AND TRUST COMPANY, Appellant, to the Cham-
   berlain of the City of New York.

**Moneys paid into court — Code Civil Procedure, § 744a —
parties interested in funds not entitled to notice of proceeding
for transfer thereof to city chamberlain — banks and trust com-
panies not required to give up orders and decrees directing
deposit of funds.**

1. Under section 744a of the Code of Civil Procedure the comp-
troller of the state is not required to give notice to persons, bene-
ficially interested in the funds to be paid over, of an application for
an order directing the payment and transfer of money and securities
held by a bank or trust company, under an order of the court, to
the chamberlain of the city of New York.

2. The trust company as to which such an order is made should
not be required to turn over to such chamberlain the judgments,
orders and decrees directing the deposits, investments and pay-
ments of such moneys and securities.

*Matter of Walsh*, 146 App. Div. 957, modified.

(Argued January 10, 1912; decided January 30, 1912.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
November 24, 1911, which affirmed an order of Special
Term granting a motion for the transfer of certain court
and trust funds.

The facts, so far as material, are stated in the opinion.

*William T. Emmet* for appellant. The application was
not "duly made" since there was a non-joinder of par-
ties. (*Chesterman* v. *Eyland*, 81 N. Y. 398; *Matter of
City of New York*, 200 N. Y. 138.) The court erred in
ordering the appellant to turn over to the chamberlain of
the city of New York all copies of orders, judgments and

decrees of the court directing such deposits. (Code Civ. Pro. § 744a.)

*Thomas Carmody, Attorney-General* (*Henry Selden Bacon* of counsel), for respondent. As the order affects no rights of any of the persons interested in the funds, it was unnecessary to give them notice of the application. (*People* v. *Keenan,* 110 App. Div. 537; *Matter of City of New York,* 200 N. Y. 138.)

HAIGHT, J. On the 5th day of October, 1911, the Special Term, upon the petition of M. J. Walsh, as deputy comptroller of the state, and upon notice to the New York Life Insurance and Trust Company, made an order transferring to the chamberlain of the city of New York the court funds and securities held by the trust company under orders of the courts in some twenty different actions or proceedings; and also made a further order that the trust company turn over and deliver to the chamberlain "all copies of orders, judgments and decrees of this court or of the court directing such deposits to the jurisdiction of which this court has succeeded, which it has on file relating to any and every action or proceeding in such schedule mentioned."

The trust company made two objections to the granting of the order of the Special Term: *First,* that no notice was given by the comptroller to the parties in the action or the persons beneficially interested in the funds directed to be paid over, and that, consequently, the trust company had no opportunity to render a final account to such parties or persons and have the same finally settled and the trust company discharged from further liability to them. And, *second,* that the judgments, orders and decrees of the court, upon which the trust company had invested the proceeds and paid out the funds to the persons interested were vouchers in its hands and evidence justifying its transactions, of which it ought not to be deprived until the trust company had obtained final set-

tlement and discharge from liability in each of the cases referred to in the order.

Under the provisions of subdivision 8 of section 4 of the State Finance Law (Cons. Laws, ch. 56) the comptroller of the state is given authority to supervise the administration of all funds paid into any court of record. Section 744a provides as follows:

"The comptroller may examine the books, accounts and vouchers of every bank and trust company in the state, in anywise relating to moneys and securities paid into court, under an order of any court of record; and where the same has not been paid to the chamberlain of the city of New York or to any county treasurer of the state, the comptroller upon an application duly made shall be entitled to an order directing the payment and transfer of all such money and securities, from any of such banks and trust companies, to the treasurer of the proper county, and in the city of New York to the city chamberlain."

It will be observed that these provisions give the comptroller power to transfer such court funds and securities from banks and trust companies to the treasurer of the proper county and in the city of New York to the chamberlain. The treasurers of counties and the chamberlain of New York are the public financial officers of their respective localities supported by the people and taxpayers thereof and the comptroller's power to transfer deposits in banks and trust companies to such officers when, in his judgment, it is deemed advisable, is unlimited. We are aware that the transfer of the funds and securities from the bank or trust company to a treasurer or chamberlain may not relieve the bank or trust company from accounting with reference to the funds which it has from time to time received under the orders of the courts and that it might be convenient to have a final accounting and discharge before it transferred the funds and securities. But the Code makes no provision for such an

accounting before the transfer is made, nor does it require notice to be given to the parties in the action or the persons beneficially interested in the funds. The funds are not distributed by the order; they are merely turned over to another depositary, still remaining subject to the order of the courts having jurisdiction over the funds. There is nothing, therefore, which prevents the trust company from rendering an account in each case and upon notice to the parties and persons beneficially interested have an order finally adjusting the same and discharging it. It may be true that such an accounting would involve additional expense to the trust company, but the funds are still in court subject to its orders, and in a proper case the trust company could be reimbursed for its legitimate expenses. If we should hold that the comptroller should be required to give the notice to the parties and persons interested in the actions or proceedings and then await a final settlement with the trust companies the object and purpose of the statute may, in some cases, be defeated. In case of doubtful solvency it might be important that the funds of a bank or trust company be speedily and at once transferred, and it appears to us that, in view of the fact that the Code has required no notice to be given or final settlement had before such transfer is made, we ought not to attempt to embarrass the comptroller by reading into the provisions such a requirement.

As to the provisions of the order requiring the trust company to turn over to the chamberlain the judgments, orders and decrees of the courts directing the deposits, investments and payments to persons interested in each of the actions and proceedings, it appears to us that there is no authority therefor in the Code. The provisions to which attention has been called do not require it, and we think it ought not to be required, for these judgments, orders and decrees become the evidence and the vouchers which the trust company has the right to rely upon to justify its investment and disbursements of the funds in

different actions and proceedings, and that it ought not to be deprived of such evidence. Nor do we deem it necessary for the new depositary; for, under the provisions of section 744 of the Code, the comptroller is given power at any time to require the clerk of a court of record to file with any county treasurer or chamberlain an officially certified copy of any record, document or paper or extract therefrom which may be necessary for the use of such treasurer or chamberlain in the administration of the funds.

The order appealed from should be modified by striking therefrom the provision requiring the trust company to turn over and deliver to the chamberlain all copies of orders, judgments and decrees which it has on file relating to any and every action or proceeding embraced in the order, and as so modified affirmed, without costs of this appeal to either party in this court.

CHASE, J. I concur in the result although I am of the opinion that the court in its discretion might have denied the motion without prejudice to a renewal upon notice to the persons interested in the fund. The appellant was made depositary of the several funds specified in the record by specific orders of the Supreme Court. It holds said funds as such depositary and is entitled at some time to an accounting with the parties interested therein. Considerations of economy and a due regard for orderly procedure require that when an application is made for an order transferring money and securities from a bank or trust company as provided in section 744a of the Code of Civil Procedure, notice in the absence of special circumstances be first given as directed by the court to all persons interested in the fund represented by such money and securities.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and COLLIN, JJ., concur with HAIGHT, J.; CHASE, J., concurs in result in memorandum.

Ordered accordingly.