### In re SOHMER, State Comptroller.

#### (Supreme Court, Appellate Division, First Department. May 16, 1913.)

1. DEPOSITS IN COURT (§ 4*)—CUSTODY—TRANSFER—APPLICATION—NOTICE.

Code Civ. Proc. § 744a, provides that the state comptroller may examine the accounts, etc., of every bank and trust company relating to moneys and securities paid into court under an order of court, and when the same has not been paid to the chamberlain of New York City, or any county treasurer, the comptroller shall be entitled to an order directing payment and transfer of all such money from such banks, etc., to the chamberlain or treasurer. *Held,* that notice of an application of the chamberlain to have moneys paid into court transferred need not be given to the parties interested in the fund.

[Ed. Note.—For other cases, see Deposits in Courts, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

2. DEPOSITS IN COURT (§ 4*)—CUSTODIAN—DESIGNATION—LEGISLATIVE POWER.

It is within the power of the Legislature to designate the custodian of funds deposited under an order of court.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

3. DEPOSITS IN COURT (§ 4*)—CUSTODY—CHANGE OF PLACE OF DEPOSIT.

The parties having an interest in the funds will be entitled to be heard on the question of the payment of the costs and disbursements of an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeal from an order denying a motion by the chamberlain of New York City to have funds deposited with a trust company under order of court transferred to him.

[Ed. Note.—For other cases, see Deposits in Courts, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

Application by William Sohmer, as Comptroller of the State of New York, for an order transferring certain moneys and securities paid into court from the People's Trust Company of the County of Kings to the City Chamberlain of the City of New York. From an order denying the application, and an order denying a reargument of the application, applicant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert P. Beyer, of New York City, for appellant.

LAUGHLIN, J. This application is made by the State Comptroller, pursuant to the provisions of section 744a of the Code of Civil Procedure, which are as follows:

"The comptroller may examine the books, accounts and vouchers of every bank and trust company in the state, in anywise relating to moneys and securities paid into court, under an order of any court of record; and where the same has not been paid to the chamberlain of the city of New York or to any county treasurer of the state, the comptroller upon an application duly made shall be entitled to an order directing the payment and transfer of all such money and securities, from any of such banks and trust companies to the treasurer of the proper county, and in the city of New York to the city chamberlain."

The funds in question were deposited with the trust company on the 3d day of December, 1907, in an action in the Supreme Court, wherein one Mary D. Sanford was plaintiff and the Anticlinal Rock Oil Company was defendant, and aggregate the sum of $1,363.44, together with interest thereon at the rate of 3 per cent. per annum from the 1st day of November, 1912.

[1] The memorandum opinion at Special Term shows that the motion was denied on the ground that all parties interested in the funds should be given notice thereof. This new section of the Code of Civil Procedure, as construed by the Court of Appeals (Matter of Walsh, 204 N. Y. 276, 97 N. E. 715), entitles the comptroller of the state to such an order, and does not require that notice of the motion be given to the parties interested in the funds. It is manifest that, if the funds are to remain in court, the Legislature, on the facts here presented, has commanded that they be transferred to the city chamberlain. The only conceivable theory upon which notice could be of avail, and therefore might properly be required, would be in a case where it is apparent that it is no longer necessary to retain the funds in court; but there is nothing in the record to indicate that such is this case, and it should not be assumed, for that would put the state to considerable expense to make personal service, or service by publication, on every such application.

[2] The rights of the parties interested in the funds are not affected in the least by the change of custodian, and since it is unquestionably within the power of the Legislature to designate the custodian of such funds (People v. Keenan, 110 App. Div. 537, 97 N. Y. Supp. 77, affirmed 185 N. Y. 600, 78 N. E. 1108; Matter of City of New York, 200 N. Y. 138, 93 N. E. 689; Matter of Walsh, supra; Matter of Walsh, 151 App. Div. 885, 135 N. Y. Supp. 1148), the motion should have been granted.

[3] We do not agree, however, with the learned Deputy Attorney General that the costs and disbursements of this appeal should be paid out of the funds. On that question, certainly, the parties in interest would be entitled to be heard.

It follows, therefore, that the order should be reversed, and motion granted, without costs of the appeal or of the motion. All concur.

