(92 Misc. Rep. 450)

BASCH v. ASSOCIATED FEATURES BOOKING CO., Inc., et al.

MacNAMARA FEATURE FILM CO., Inc., v. FEELEY.

(Supreme Court, Appellate Term, First Department.   December 13, 1915.)

1. CONTEMPT ⟨⟩23—DISOBEDIENCE OF ORDER—NECESSITY FOR SERVICE—STATUTE.

Where respondent was not served with a certified copy of the order directing him, as a person beneficially interested, under Code Civ. Proc. § 3247, to pay $68.43 to defendant, which respondent was charged with disobeying, he could nevertheless be held for such disobedience as for a contempt, and was punishable on motion, since section 1241 relates only to judgments, and does not require service of a certified copy of an order as a condition precedent to an application to punish for disobedience.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 68–70; Dec. Dig. ⟨⟩23.]

2. CONTEMPT ⟨⟩24—DISOBEDIENCE OF ORDER—DUTY OF COURT—STATUTES.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 770, providing that if it is determined that the accused has committed the offense charged, and that it defeated the remedy of a party to an action or special proceeding, the court must make a final order directing that he be punished, on motion to punish as for a contempt respondent, who had disobeyed an order directing him, as a person beneficially interested, under Code Civ. Proc. § 3247, to pay money to defendant, the court was under duty to grant the motion, although the failure to pay was caused by respondent's financial inability, and not his contumacy, since the motion was, not to punish defendant, but to enforce the right of a party, while the disobedience of the order did defeat defendant's remedy.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 71–74; Dec. Dig. ⟨⟩24.]

3. CONTEMPT ⟨⟩82—PUNISHMENT—RELIEF—STATUTE.

Under Judiciary Law, § 775, providing that, where an offender imprisoned for disobedience of an order is unable to endure the imprisonment or pay the sum, etc., steps may be taken for his relief, application could be made for the relief of a respondent, who disobeyed the court's order to pay money through his financial inability, rather than his contumacy.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 275–284; Dec. Dig. ⟨⟩82.]

Appeal from City Court of New York, Special Term.

Action by Ernest Basch against the MacNamara Feature Film Company, Incorporated, and another.   From an order denying the named defendant's motion to punish respondent Matthew M. Feeley as for a contempt, it appeals.   Order reversed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Leonard H. Davidow, of New York City, for appellant.
Percival E. Jackson, of New York City, for respondent.

PHILBIN, J.   The defendant MacNamara Feature Film Company, Incorporated, obtained an order directing the payment of the sum of $68.43 by the respondent Feeley as a person beneficially interested under section 3247 of the Code of Civil Procedure in the above-entitled action brought by the plaintiff, Basch, as assignee of said Feeley.   The said order bore date the 3d day of August, 1915, and directed him to

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

make such payment within five days from the service of the said order. A copy of the said order was served upon him, and a demand made for the payment of the said sum. After the expiration of the time specified in said order a motion was made to punish said Feeley as for a contempt because of his refusal to make the payment so directed.

The affidavit upon which such application was made set forth the proceedings which preceded the order, and the making of the latter, directing said payment by said Feeley, and alleged that no payment had been made. The only proof offered in opposition was an affidavit by the respondent, in which he asserted that he had been and was at the time financially unable to pay said sum. He further made certain averments as to the source of his income, which he declared was insufficient for his support, and stated that his failure to pay was not because he did not wish to, but because he was unable to do so. The appellant was given no opportunity to reply to the said answering affidavit of the respondent, and the court denied the motion to punish as for a contempt, stating that it was not convinced that the respondent had failed to obey the order because of contumacy, and that nothing contradicting or disputing the respondent's statement of financial inability was shown.

[1] The respondent urges that he was not served with a certified copy of the order which he is charged with disobeying, and that, therefore, he cannot be held for such disobedience. Section 1241 of the Code of Civil Procedure, upon which the respondent apparently relies in support of such contention, applies only to judgments, and does not require the service of a certified copy of an order as a condition precedent to an application to punish for disobedience thereof.

[2, 3] The motion was not to punish the defendant for contumacious conduct in the ordinary sense, but its object was to enforce the right of a party, and therefore whether the respondent could be charged with contumacy was not the proper test in determining whether the relief sought should have been granted. Even if the averments in the answering affidavits could be regarded as stating more than mere conclusions, and even if the appellant was not entitled to an opportunity to answer such averments, the alleged inability of the respondent to comply with such order was not a sufficient ground for the denial of the motion. It was clear that the disobedience of the order did defeat the remedy of the appellant, and the court was therefore under a duty to punish the respondent as for a contempt. Judiciary Law, § 770, Ryckman v. Ryckman, 34 Hun, 235. If it should appear hereafter that the respondent is unable to pay the amount so directed to be paid, an application can properly be made under section 775 of the Judiciary Law for relief. Ryckman v. Ryckman, supra; Schmohl v. Phillips, 138 App. Div. 279, 122 N. Y. Supp. 974.

Order reversed, with $10 costs and disbursements, and case remitted for further action. All concur.