ANNIE F. HARRISON, as Administratrix, etc., Plaintiff, *v.* JOHN DE HART, Defendant.

(Supreme Court, Bronx Special Term, May, 1918.)

Contempt — when motion to punish for, denied — judgments — Code Civ. Pro. § 1241.

The enforcement of a judgment by contempt proceedings may be resorted to only under the circumstances specified in section 1241 of the Code of Civil Procedure.

Where a judgment provided that, in the event of the failure of defendant within ten days of the entry of said judgment to procure and deliver to plaintiff a bond and mortgage upon certain property to be executed by his wife, the owner of the property, and procure and deliver to plaintiff a reassignment of a certain bond and mortgage and return to her certain corporate bonds, she should be entitled to enter a money judgment against defendant for a certain sum, and it appears that defendant's inability to comply with such directions is based upon lack of ownership of or control over the subject matter of the direction made by the court, a motion to punish defendant as for contempt because of his failure to perform the directions of said judgment will be denied.

MOTION to punish the defendant for contempt of court.

Wallace A. Kroyer (Ralph Barnett, of counsel), for motion.

Abraham P. Wilkes, opposed.

GIEGERICH, J.   The plaintiff moves to punish the defendant for contempt of court because of his failure to perform certain terms of a judgment entered against him.   The portion of the judgment referred to directed that the defendant within ten days from the entry of the judgment, *first,* procure and deliver to the plaintiff a bond and mortgage upon certain property to be executed by the owner of that property, and *second,* procure and deliver to the plaintiff a reassignment of a certain bond and mortgage, and *third,* return to the plaintiff certain bonds of a corporation.   The judgment further provided that in the event of the failure of the defendant to comply with the provisions above stated the plaintiff should be entitled to enter a money judgment against him for the sum of $9,000.   Other portions of the judgment directed the defendant

to pay to the plaintiff various sums of money. After the ten days limited by the judgment had expired and before this motion was made, the plaintiff proceeded to enter judgment against the defendant for the sum of $22,072.03, which included the above named amount of $9,000. One ground upon which the defendant opposes the motion is that the entire judgment has now taken the form of an ordinary money judgment which can be enforced by the issuance of an execution, and consequently that the remedy of enforcement by contempt proceedings no longer exists. Even the plaintiff seems to recognize that, as a general proposition at least, the enforcement of a judgment by contempt proceedings can be resorted to only under the circumstances specified in section 1241 of the Code of Civil Procedure. As the case stands upon the present papers, however, it is not necessary to determine the question whether, if it were shown to be in the power of the defendant to perform the specific acts directed in the judgment, he could be punished for his failure to do so because it is undisputed that it is not in his power to procure and deliver either the mortgage or the reassignment of the bond and mortgage or the bonds referred to, because he does not own either the property on which the mortgage is to be given or the bond and mortgage directed to be reassigned or the bonds directed to be delivered. In *Greenberg* v. *Polansky,* 140 App. Div. 326, 328, the court said: " He could not be punished for contempt for not doing what he did not have the power to do. (*Matter of Wegman's Sons,* 40 App. Div. 632; *Watertown Paper Co.* v. *Place,* 51 id. 633; *Saal* v. *South Brooklyn R. Co.,* 122 id. 364.) He could not give the plaintiff the assignment of a lease which entitled her to possession, because he did not have a lease which could be assigned, nor could he give her possession of the personal property called for

by the bill of sale because that was held by the city."
This is not a case like *Schmohl* v. *Phillips,* 138 App.
Div. 279, or *Basch* v. *Associated Features Booking Co.,
Inc.,* 92 Misc. Rep 450, relied upon by the plaintiff to
support the proposition that the defendant's inability
to comply with the provisions of the judgment does not
exempt him from punishment by contempt proceed-
ings, and that in such a case the duty of the court is to
order the delinquent punished for contempt, leaving
him to his application for relief under the provisions
of section 775 of the Judiciary Law, if he is unable to
pay the amount directed to be paid. This is, on the
contrary, like the *Greenberg* case, above cited, where
the inability is not merely a financial one, but is one
based upon lack of ownership of or control over the
subject matter of the direction made by the court.
With respect to the mortgage directed to be given it
might be added that, while the property on which such
mortgage is directed to be given is not owned by the
defendant, it is owned by his wife. It does not follow,
however, that he has power to compel her to give the
required mortgage. Furthermore, the mortgage
required to be given is required also to be subject only
to the incumbrances existing against the property on
a date named. Since that date a mortgage has been
placed upon the property, which mortgage was taken
for full value by and is now owned by a stranger to the
transactions between the parties. The motion should
therefore be denied, without costs.

Motion denied, without costs.