In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, Respondent, for a Peremptory Writ of Mandamus to Be Issued to MILO R. MALTBIE, as Chamberlain of the City of New York, Appellant.

Third Department, November 13, 1918.

Mandamus — State Finance Law — compelling payment to State Treasurer of funds remaining in hands of city chamberlain of city of New York for period of twenty years — authority of Supreme Court.

The Supreme Court has full authority to issue a writ of mandamus compelling the city chamberlain of the city of New York to pay over to the State Treasurer, in accordance with section 44 of the State Finance Law, funds which have remained in his hands for a period of twenty years.

On a writ of mandamus to compel the city chamberlain of the city of New York to turn over to the State Treasurer funds remaining in his hands for a period of twenty years, the order should not be limited to the amount unclaimed, but should be made applicable to any sum paid into court, and which shall have remained in his hands for a period of twenty years.

Such order does not change the title to the funds, but merely the depository thereof.

APPEAL by the defendant, Milo R. Maltbie, as chamberlain of the city of New York, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 23d day of February, 1918, granting relator's motion for a peremptory writ of mandamus.

*William P. Burr* [*Terence Farley, Russell Lord Tarbox* and *William A. Walling* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondent.

LYON, J.:

The question involved upon this appeal is the right of the Treasurer of the State of New York to have paid to him the moneys paid into court, and remaining for the period of twenty years in the hands of the chamberlain of the city of New York. The aggregate of said moneys is about $600,000. They were paid by the public administrator of the county of New York on the adjustment of his accounts into the treasury of the city of New York to the credit of the account of intestate estates.

Section 44 of the State Finance Law provides as follows: " Whenever any sum of money, paid into court, shall have remained in the hands of any county treasurer, or of the chamberlain of the city of New York, for the period of twenty years, it shall be paid over by such officer with all accumulations of interest thereon, after deducting his legal fees, to the Treasurer of the State of New York. The said Treasurer shall pay such sum to the owner or owners thereof upon the presentation to him of the warrant of the Comptroller therefor. The Comptroller shall draw his warrant for such sum upon the presentation to him of an order of the court made in accordance with section seven hundred and fifty-one of the Code of Civil Procedure and upon due notice to said Comptroller."

The first sentence of this section relates to the payment of the moneys in the hands of the chamberlain of the city of New York to the State Treasurer. The last two sentences relate to the final distribution thereof to the persons entitled to receive the same and to the form of the warrant therefor. When the owner appears and proves the right to receive such fund then the last two sentences of section 44 become applicable. The moneys are court funds. They are the accumulations of intestate estates since 1840. They number 33,000. The city has no title to the funds but it remains in the next of kin of the intestate. This court has full authority to make this order.

Section 3347, subdivision 6, of the Code of Civil Procedure makes section 751 applicable to all courts of record. The order should not be limited to money unclaimed but should be made applicable to any sum of money paid into court which shall have remained in the hands of the chamberlain of the city of New York for upwards of twenty years. (*People v. Keenan*, 132 App. Div. 331.) The order sought does not change the title to the funds, merely the depository thereof. The State Treasurer and not the chamberlain of the city of New York is entitled to the possession thereof until the due presentation of a warrant therefor. (*People v. Keenan*, 110 App. Div. 537; affd., 185 N. Y. 600.)

The order appealed from must be affirmed.

All concurred.

Order affirmed, with fifty dollars costs and disbursements.