139 So. 277

## WARD v. WHITFIELD.
### 6 Div. 30.

Supreme Court of Alabama.

Nov. 19, 1931.

Rehearing Denied Feb. 4, 1932.

Wilkinson, Burton & Wilkinson and Thos. E. Skinner, all of Birmingham, for appellant.

Jelks H. Cabaniss and Jos. F. Johnston, both of Birmingham, for appellee.

GARDNER, J.

The purpose of this litigation is to test the constitutionality of the act approved May 27, 1931, which provides, in counties of 300,000 or more inhabitants, for the payment into the county treasury of all official or trust funds coming into the possession of the county officers and employees.

That the circuit clerk is a constitutional county officer (section 165, Constitution 1901) and the proper custodian of funds paid into court (Coleman v. Ormond, 60 Ala. 328) may be freely conceded. His duties, however, are not defined by the Constitution, but left largely to legislative enactment. Section 6724, Code 1923.

It is not pretended that the act in question runs counter to any express constitutional provision, but the insistence is that the clerk, being a constitutional officer, may not be deprived of any of his duties by the Legislature. The authorities are not entirely harmonious upon this question. Throop on Public Offices, § 19; 22 R. C. L. § 294; 46 Corpus Juris pp. 1035, 1036; State ex rel. Kennedy v. Brunst, 26 Wis. 412, 7 Am. Rep. 84; Warner v. People, 2 Denio (N. Y.) 272, 43 Am. Dec. 740; State Prison v. Day, 124 N. C. 362, 32 S. E. 748, 46 L. R. A. 295; State ex rel. Josephs v. Douglass, 33 Nev. 82, 110 P. 177; Fortune v. Buncombe County Comm., 140 N. C. 322, 52 S. E. 950, 953; People v. Rafferty, 208 N. Y. 451, 102 N. E. 582; Hutton v. King, 134 Ark. 463, 205 S. W. 296, 297.

In Hutton v. King, supra, the Arkansas court, speaking to the question, said: "It is a well-established principle that a constitutional provision merely creating an office does not amount to a prohibition against legislative action varying the duties of that office. The rule is stated by Mr. Throop to be that: 'Unless the Constitution otherwise expressly provides, the Legislature has power to increase or vary the duties, or diminish the salary or other compensation appurtenant to the office.' "

And the North Carolina court, in Fortune v. Buncombe County Comm., supra, used the following language: "The office is constitutional, it is true, but the duties are statutory. The Legislature may within reasonable limits change the duties and diminish the emoluments of the office, if the public welfare requires it to be done, and to this the incumbent must submit."

But a pursuit of the authorities elsewhere is unnecessary, as this court long since adopted the view expressed in the two last-noted quotations. In Ex parte Lusk, 82 Ala. 519, 2 So. 140, 142, it was held that public office is neither private property nor in the nature of a contract, but a mere public trust, created for the benefit of the state and not the individual, and, within constitutional limits, may be reg-

ulated, controlled, or abolished, within the supreme discretion of the Legislature. The court proceeds: "It is an important fact, bearing, as we think, most pertinently on this case, that the constitution nowhere fixes or designates the particular official duties or the compensation either of a circuit or of a county solicitor. These must therefore necessarily be, to a large extent, the subject of legislative control, even in the case of a constitutional office; a proper distinction being taken between regulation and destruction. As said * * * in Warner v. People, 2 Denio [N. Y.], 272 [43 Am. Dec. 740]: 'If the constitution provides for the appointment of an officer in a particular manner, the legislature cannot create a new officer to discharge the same duties, and direct the appointment in a different manner; but the legislature may add to or diminish the duties and fees of the officer.' And such is and has always been the practice from the earliest history of the State." The Lusk Case, supra, was expressly approved in State ex rel. Gaston v. Black, 199 Ala. 321, 74 So. 387, 388, the court saying: "There is no doubt, of course, that the circuit solicitor, like the circuit judge, is a constitutional officer, and that the office cannot be destroyed, nor an incumbent legislated out of it, except as the Constitution itself may authorize; but to require that a part only of the duties which would otherwise be discharged by him shall be performed and discharged by another officer or solicitor, does not directly or indirectly destroy his office. Such was expressly held in Lusk's Case, 82 Ala. 519, 2 So. 140." The opinion then proceeds to quote from Ex parte Lambert, 52 Ala. 79, designated as the leading case on the subject. But we think further discussion unnecessary.

The act in question in no manner affects the emoluments of the office. On the other hand, it relieves the clerk of responsibility for the safe-keeping of the funds when so deposited with the county treasurer. It relieves him of an apparently onerous duty without resulting in diminution of compensation. Nor does it provide an entirely new practice, as it follows that obtaining in the federal courts (Howard v. U. S., 184 U. S. 676, 22 S. Ct. 543, 46 L. Ed. 754), and it seems likewise that of the state of New York. In re Walsh, 204 N. Y. 276, 97 N. E. 715. We think the authorities from our own state hereinabove noted are decisive as to the validity of the act.

It is further suggested that money paid to the clerk in a pending cause is in custodia legis, and not subject to be disturbed. It would seem that this argument overlooks the well-known rule that, in the absence of any inhibitions in the State or Federal Constitution, the legislative power in this respect is supreme. Ex parte Lambert, 52 Ala. 79. But we think the language of the New York court

in In re Walsh, supra, is a sufficient answer to this insistence, wherein the court, speaking to a similar question, said: "The funds are not disturbed by the order; they are merely turned over to another depositary, still remaining subject to the order of the courts having jurisdiction over the funds."

We conclude therefore that the chancellor correctly upheld the validity of the statute and properly entered the order sustaining the demurrer to the bill and dissolving the temporary injunction theretofore issued.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.