JAMES H. HOWE, Plaintiff, *v.* JOHN A. FOLEY, as Trustee by Appointment of the Supreme Court under the Will of CHARLES S. HEARTT, Deceased, and Others, Defendants.

Supreme Court, Special Term, Rensselaer County, August 25, 1936.

*Lester L. Callan,* for the petitioners.

*John J. Bennett, Jr., Attorney-General [Thomas Burke* of counsel], for the Comptroller of the State of New York.

RUSSELL, J. This is an application for an order to pay money out of court in the above-entitled action. In some aspects it may be regarded as an application for a mandamus order against the State

Comptroller and the Department of Taxation and Finance, as successor of the obligations of the office of State Treasurer, in so far as it seeks an order for payment beyond the amount actually on hand to the credit of the action.

The fund in question was paid into court in a partition action by order of January 31, 1889. This order directed the payment to the treasurer of Rensselaer county of $1,335.97, " to be by him safely and properly invested and kept on investment, and interest thereon to accumulate as it falls due for and during the life of the said Louise P. W. Foley, and upon her death, the sum so paid into the said Treasury, with all the accumulations thereon, be paid over to such child or children as she may leave her surviving, and their descendants to be divided and distributed among them according to law pursuant to the provisions of the said last will of Charles S. Heartt, deceased."

On May 8, 1910, this fund and its accumulations, then amounting to the sum of $2,436.42, were transferred by the county treasurer to the State Treasurer pursuant to section 44 of the State Finance Law.

Louise P. W. Foley died on the 19th day of January, 1935, and at her death the fund became payable to those entitled thereto, who are the petitioners herein.

It appears that the fund after transfer to the State Treasurer was not invested as directed by the order of 1889 and that the only sum now standing to the credit of this fund is the amount transferred by the county treasurer. The Department of Taxation and Finance, as successor to the State Treasurer, and the State Comptroller do not oppose the payment of that sum to those now entitled thereto when directed by order of the court as provided by statute.

The petitioners, however, seek on this application not only the payment of that sum but also the payment of that sum with interest thereon since the time that it was received by the State Treasurer. The issue upon this application is, therefore, narrowed down to the power of the court to direct herein payment of the sum with interest thereon.

Under the order of 1889 the obligation of a public depository was to pay the sum originally received with all accumulations. The only accumulations added to the original fund were those received through investment by the county treasurer. After the receipt of the fund by the State Treasurer and subsequently by the Department of Taxation and Finance the fund was not invested as directed by the order and no accumulations were thereafter received or credited.

The demand of the petitioners herein for interest is one in the nature of a penalty or liability for the omission of the State officials to keep the fund invested as directed by the order.

It would seem that the rights of the parties interested in the fund were not affected by the change of custodian or depository. (*Matter of Sohmer*, 156 App. Div. 781, at p. 783.) Whether such change was properly made in accordance with the law or otherwise, its transfer could have no effect of modifying or vacating the directions contained in the original order under which the deposit was made.

The unfortunate fact, however, remains that no accumulations have accrued to the fund since its possession by the State officials.

Where no accumulations have been added, the court is without power to direct payment of a sum which has not in fact been received through investment. Likewise, the court is without power, in this proceeding, even though the equity and justice of the claim of petitioners have strong appeal, to penalize or assess damage upon the State for the failure of its officers to carry out the provisions of the order under which the fund was deposited and to properly administer the fund under such order, by directing payment of interest on the amount of the fund received by the State and now held by it.

It appears that the fact that the fund in the hands of the State was not invested was known to the representatives of some of the parties in interest several years ago. It is also indicated herein that the obligation of the State as custodian to invest the fund and keep it invested was called to the attention of a former State Comptroller. No proceeding to compel its investment was taken at the time its non-investment was known. Although the duty of the custodian continued without compulsory action until relieved therefrom by direction of the court, no proceeding was taken by the custodian to be relieved of the obligation as fixed in the order to keep the fund invested.

Redress for the omission of officials of the State to properly administer this fund may best be secured, and perhaps such procedure is the exclusive one, in the Court of Claims, after the passage of an enabling act, if such redress is not available under the general statute of jurisdiction of that court. In that court, with jurisdiction conferred, the rights and obligations of the parties may be fully litigated and a determination made in accordance with the law and justice of the claim.

The existence of no fund in the State from which a payment of interest may be directed, if justified herein, is called to my attention, and the court would seem to be powerless to direct the payment

by State officials of a sum of money when such State officials have not available funds from which such payment may be made. No statute authorizing the addition of interest in a proceeding such as this has been enacted. On the contrary, the power of the court is confined on the application herein to a determination of the amount on deposit with the custodian and a direction of the payment of that amount to those entitled thereto.

In this proceeding order may be entered directing the payment to the petitioners on the basis of their *pro rata* rights of the fund now in the hands of the State Department of Taxation and Finance, without prejudice to any proceeding now or hereafter available to the petitioners to secure the payment of interest since the time of deposit with the State officials by reason of their omission to keep the fund invested, without costs.

Submit order.