MATILL *v.* CITY OF CHATTANOOGA.

(*Knoxville*, September Term, 1939.)

Opinion filed October 21, 1939.

J. W. Anderson, of Chattanooga, for plaintiff in error.

Burnet Sizer, of Chattanooga, for defendant in error.

Mr. Special Justice W. T. Kennerly delivered the opinion of the Court.

The City of Chattanooga has an Ordinance, No. 1054, creating the office of City Electrician and providing for the issuing of permits for the installation of electric wiring, electric fixtures, etc., and for the inspection thereof during installation and after completion.

Section 4 of this Ordinance is as follows: "No alteration or change shall be made in the wiring of any building, nor shall any building be wired for the placing of

electric lights, motors or heating devices, without first securing from the said City Electrician . . . a permit therefor, nor shall any change be made in the electrical plant after inspection, without notifying the said City Electrician . . . and securing a permit therefor.'' Violations of this Ordinance are punishable by fine.

This Ordinance was passed by the Legislative Body of the City many years ago. It contains no provision for the charging of a fee for either the issuance of a permit or the inspection of the work as it progresses and when completed. The Charter of the City of Chattanooga authorized the passage of this Ordinance under the police powers granted the City.

A City warrant was issued by the City Judge of Chattanooga against appellee Matill, charging him with the offense, ''of violating Ordinance No. 1054 by installing electric motors and devices and new wiring in the building and plant of Combustion Engineering Company in the City of Chattanooga without applying for or securing a permit as required by the provisions of said Ordinance.''

Upon a hearing in the City Court, appellee was found guilty and a fine of $15 was assessed against him. He appealed to the Criminal Court of Hamilton County. In that Court the case was tried upon a stipulation of facts and the Criminal Judge held that Ordinance No. 1054 was in conflict with Section 1 of Chapter 83 of the Public Acts of 1925, carried into the Code as Section 3327, and was therefore invalid. A motion for a new trial was overruled, and the case having been tried upon a stipulation of facts, an appeal was granted and perfected to this Court, where errors have been assigned. If the section of the Act of 1925 referred to is constitu-

tional and valid, the Ordinance being in conflict therewith is void.

The first and second errors assigned are that said Act is unconstitutional because violative of Article 1, Section 8, and Article 11, Section 8, of our Constitution, in that it grants rights, privileges, immunities and exemptions to certain corporations that were not extended to other persons or groups of persons, or to partnerships. The fourth error assigned is that the section of said Act of 1925 referred to "is unconstitutional and void, in that it is vague and ambiguous, and not susceptible of reasonable or definite interpretation." We will dispose of the last mentioned assignment first.

Section 1 of that Act provides: "That all incorporated cities, towns and villages in this State, are hereby authorized and empowered to regulate the business of electricians and electrical work in such cities, towns or villages, and to enforce efficiency of same, and to that end to pass all ordinances necessary to carry out and enforce the powers hereby delegated. Provided that the provisions of this act shall not apply to persons rendering electrical services as employees of a corporation when such services are undertaken in the carrying on of the general business of the corporation and where general business does not consist either in whole or in part in the rendering of electrical services to the general public except as such employees." Code, Section 3327.

The claim that this Section is void as being vague and indefinite is based upon the last four words thereof, "except as such employees." These words are meaningless as they appear in the Statute, and we are justified in eliminating them as surplusage. When this is done, this section authorizes incorporated cities to regulate the business of electricians and electrical work generally,

while the proviso withholds the power from such cities to regulate or control such work when done by a corporation in the carrying on of its own general business. It thus grants an immunity to corporations which is not granted to individuals, firms and partnerships who may be engaged in the same general business that a corporation claiming such exemption is engaged in.

We are of opinion that the proviso in this section violates Article 11, Section 8, of our Constitution ordaining that: "The Legislature shall have no power . . . to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions, other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law."

The Ordinance in question applies to persons, firms, partnerships and corporations alike. The Statute in question applies only to persons, firms or partnerships, while it exempts corporations and permits them within an incorporated city having an ordinance such as the one in question to install electric wiring and electric machines or devices without obtaining a permit therefor, and without having to submit the same to the inspection of a City Electrical Inspector. This is arbitrary class legislation, and no valid reason can be advanced why a corporation should be favored with this exemption while the burden of ordinances passed under City Charters and of the Act of 1925 would fall upon individuals.

It is shown in the stipulation of facts that appellee worked for the Combustion Engineering Company, a corporation, and he is a highly skilled electrician, and without obtaining the required permit, did certain electrical work in a new addition to the boiler plant of the corporation, which consisted of the installation of a

crane, motor and other electrical work for a high powered X-ray machine, all of which work requires a highly skilled electrician. The stipulation states he was not a licensed electrical contractor and did not apply for or receive a permit from the City to do this work, and after the completion of the work he did not have it inspected by the City Electrician as provided in said Ordinance, and the current was turned on without such inspection.

Unquestionably, if the Combustion Engineering Company was a partnership, Ordinance No. 1054 would apply. That is admitted by counsel.

Many cases have been decided by this Court declaring Statutes of this character violative of our Constitution and void.

In *State* v. *Railroad Co.*, 124 Tenn., 1, 135 S. W., 773, 775, Ann. Cas., 1912D, 805, this Court had under consideration a Statute making it unlawful for any corporation to discharge an employee, or threaten so to do, for having voted or not voted at an election, or having voted for or against any candidate or measure therein, or for trading or not trading with a particular party. The Statute applied only to corporations. In that opinion there was cited and rather extensively quoted the leading case of *Stratton Claimants* v. *Morris Claimants*, 89 Tenn., 497, 534, 15 S. W., 87, 12 L. R. A., 70, where it is said: "We conclude, upon a review of the cases referred to that whether a statute be public or private, general or special, in form, if it attempts to create distinctions, and classifications between the citizens of this state, the basis of such classifications must be natural, and not arbitrary. If the classification is made under article 11, section 8, of the Constitution, for the purpose of conferring some special right, privilege, immunity, or exemption, there must be some good and valid reason

why that particular class should alone be the recipient of the benefit. If the classification is made under article 1, section 8, of the Constitution, for the purpose of subjecting a class to the burdens of some special disability, duty, or obligation, there must be some good and valid reason why that particular class should alone be subjected to the burden. Another essential to the validity of every legislative classification, whether it be made under article 11, section 8, or under article 1, section 8, is that it must not violate any other provision of the Constitution, whether such provision be expressed or implied.''

After the foregoing quotation, this Court said: ''The statute in question applies to all corporations, regardless of the business for which they are incorporated and authorized to conduct, whether they be quasi public, as in case of public service corporations, or private corporations, such as those created to conduct a mercantile, manufacturing, or other business, located at one point or extending over many counties, with large, or small capital, or having in their service thousands or only a few employes. It does not apply to natural persons, either as individuals or members of a partnership or firm, engaged in conducting the same business, at the same place, in the same manner, and with similar employés. New burdens and restrictions are placed upon corporations, the property of which belongs to individual shareholders, which are not placed upon natural persons engaged in the same business, conducted in the same way, and at the same place. We can see no good reason or natural and reasonable basis for this discrimination. None has been suggested or can be suggested, for they do not exist. The application of the statute is made to depend solely upon whether the employer is a natural or artificial per-

son, between which, within the protection of the constitutional provisions invoked, there is no distinction. The distinction made is in the character of the employer, and not in that of the employment or business conducted. We are of opinion that for this discrimination this act is arbitrary and vicious class legislation . . . and is in contravention of the Constitution of this state and of that of the United States, and void." *State* v. *Railroad Co.,* 124 Tenn., 1, 13, 14, 135 S. W., 773, 776, Ann. Cas., 1912D, 805.

In the case just cited the Statute imposed an arbitrary burden upon corporations. The same rule is applicable where a statute extends to a corporation a privilege or exemption which is arbitrary and unreasonable.

This case was cited with approval and re-affirmed by this Court in *Ward Seminary* v. *City Council of Nashville,* 129 Tenn., 412, 416, 167 S. W., 113.

█ Counsel for appellee insists that another Ordinance of Chattanooga passed subsequent to Ordinance 1054, to-wit: Ordinance No. 2054, repeals Ordinance No. 1054. We cannot agree with this position. The latter Ordinance creates a Board of Electrical Examiners for Chattanooga and provides for the licensing of persons and firms "engaged in the business of electrical contracting and for the licensing of electricians and those engaged in electrical work." Ordinance No. 2054 is not in conflict with Ordinance No. 1054, and does not purport either to amend it or repeal it.

█ Finally, the appellee insists that the City is not in position to challenge the constitutionality of the Act of 1925. We think it is. No. 1054 is a Police Ordinance of the City. The City is seeking to enforce it. The appellee seeks to escape its effect by interposing the Act of 1925. If the first section of that Act is unconstitutional,

it is a nullity and cannot be used as a weapon of either offense or defense by the appellee.

It results that we reverse the judgment of the Criminal Court and affirm the judgment of the City Judge imposing a fine of $15.00 upon the appellee. Costs are adjudged against the appellee.