BRICKER v. SIMS *et al.*

BUTLER *v.* SIMS *et al.*

KELLOGG *v.* SIMS *et al.*

YATES *v.* SIMS *et al.*

(*Jackson,* April Term, 1953.)

Opinion filed June 5, 1953.

362

GEORGE C. ROWLETT and HARPER & GALLIMORE, all of Martin, for appellants.

HOMER W. BRADBERRY, of Dresden, for appellees W. V. SIMS, Sheriff and H. H. IVIE, Deputy Sheriff.

ROY BIGGS, of Martin, and MORRIS MILES of Union City, for appellee, City of Martin.

LUKE HANNINGS, of Martin, and CHARLES MILES, III, of Union City, for appellee Board of Mayor & Aldermen.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

These four cases were filed in the Circuit Court of Weakley County to recover damages for alleged unlawful arrest and false imprisonment in the county jail of Weakley County. The defendants named in each summons are the following: W. V. Sims, Sheriff; H. H. Ivie, Deputy Sheriff; City of Martin, a municipal corporation; Jack Vincent, E. L. Puckett, Willard Rooks, Dr. R. W. Brandon, Jr.; and Paul Clark. The substance of each

declaration is that the named defendants, Vincent Mayor; Puckett, Rooks, Brandon, and Clark, Aldermen of the City of Martin, claimed to have enacted what is known as a "curfew law" prohibiting any person from being on any public sidewalk, street, alley, public park, or the property of any other person without permission of the owner, after 11:00 o'clock at night, providing for a fine for non-observance. It is alleged that the ordinance is void for reasons set forth in the said declaration, the same being unconstitutional.

Following the foregoing averments, the plaintiffs allege that the Mayor and Aldermen of the City of Martin not only engaged in the attempt to enact said ordinance, but gave their consent, approval and direction toward its enforcement; that thereafter on June 26, 1952, the plaintiffs, while on the main street of the City of Martin at night, and while engaged in no unlawful activity, were arrested by the said W. V. Sims, Sheriff, and H. H. Ivie, Deputy Sheriff, and carried to the county jail and there held in custody with the knowledge and consent of the defendants; that on the following morning they were tried and convicted in the City Court at Martin, and that upon appeal to the Circuit Court of Weakley County the case was dismissed at the cost of the City of Martin.

The final and concluding paragraph of each declaration is, as follows:

"Plaintiff avers that he was unlawfully arrested, without a warrant, that he had committed no offense, and that he was arrested and charged with the violation of a void ordinance of the City of Martin, to-wit: what is known as the 'curfew law'."

Separate demurrers were filed by the City of Martin, the Mayor and Aldermen of Martin, the Sheriff and

Deputy Sheriff. The grounds of the said demurrers are substantially the same, and are as follows:

"(1) The declaration shows on its face that plaintiff is entitled to no relief.

"(2) The declaration states no cause of action.

"(3) The passage or attempted passage of the ordinance was in the performance of a governmental function.

"(4) The Mayor and Aldermen are not liable in a civil action for their official acts.

"(5) The declaration shows on its face that the alleged arrest and imprisonment was not made by the defendants."

In addition to the foregoing the City of Martin further demurs on the ground (1) that it is a municipal corporation and is not liable for the acts of its subordinate employees, agents or servants, while acting in a governmental capacity; and (2) that "the declaration shows on its face that the alleged arrest and imprisonment of the plaintiff was not made or done by any agent, servant or official of the City of Martin or at its instance."

The Sheriff and his Deputy further demur upon the grounds: (1) The declaration states no cause of action. (2) The arrest was made under an ordinance, duly enacted, for an offense committed in their presence and which at the time had not been declared unconstitutional.

The four cases were consolidated by order of the court and upon due consideration of the several demurrers the same were sustained. An appeal was prayed and granted. The assignments of error complain of the action of the trial judge in sustaining the demurrers.

The appellants have cited no authority to sustain their contention that the ordinance in question is unconstitutional. It is wholly immaterial whether the ordinance in

question is a "curfew law" or a law for the preservation of peace and good order in the City of Martin, Tennessee. The ordinance not only forbids any person to be upon the public streets after 11:00 o'clock at night, but such person is not permitted upon the private property of another after that hour without the owner's consent.

The case for the plaintiffs rests solely upon the contention that the ordinance is void and that the arrest was at the instance and express direction of the Mayor and Aldermen. But there is no averment of any fact or circumstance in the declaration which would justify such a conclusion. Conclusions of the pleader, which have no foundation in fact or allegations of facts, are not admitted by demurrer to be true.

Conceding but not deciding that the ordinance is void, nevertheless the declaration does not state a cause of action. The cases cited on appellants' brief, *City of Memphis* v. *Winfield,* 27 Tenn. 707; *Ex parte McCarver,* 39 Tex. Cr. R. 448, 46 S. W. 936, 42 L. R. A. 587, 73 Am. St. Rep., 946, have no application to the present controversy. No case is cited which supports the plaintiffs' theory that a judgment for unliquidated damages may be had against the Mayor and Board of Aldermen for alleged wrongs committed in their official capacity. It is settled law in this State and other jurisdictions that members of a legislative body cannot be held liable in a civil action for damages for their action in voting for or against any particular legislation in the absence of corruption. 22 A. L. R. 125, 126. Nor is the rule different by reason of the fact that they exceeded their authority in passing an invalid act. *Jones* v. *Loving,* 55 Miss. 109; 22 A. L. R. 126. See also *McGuire* v. *Carlyle,* 6 Tenn. Civ. App. 51.

 ·It cannot be doubted that the Mayor and Aldermen of the City of Martin, who are sued collectively as the governmental authority of the municipality, were immune from any liability for damages resulting from the alleged tortious acts of the Sheriff and his Deputies. "Municipal corporations, such as counties, cities, and towns, are arms of the state, to whom has been delegated, for purposes of local government, a portion of the sovereign power of the state. Such corporations can only act through agents, and, as they are but arms of sovereignty, the principle of *respondeat superior* does not apply." *Davis* v. *Knoxville,* 90 Tenn. 599, 18 S. W. 254, and cases cited. Conceding that the Sheriff and his Deputy were agents of the municipality, they were nevertheless officers of the State, and their alleged negligence in arresting the plaintiff and detaining him in custody does not constitute a wrong for which the municipality must respond in damages.

 We find no merit in the plaintiffs' contention that the arrest was ratified by the Mayor and Aldermen, or the City of Martin. The authority cited of *Johnson City* v. *Wolfe,* 103 Tenn. 277, 52 S. W. 991, holds contrary to the plaintiffs' insistence. It was there held:

"A municipal corporation cannot be held to have ratified its policeman's wrongful act in removing a fence by the fact that its Recorder fined the owner for restoring the fence to its original location."

 The demurrer of Sheriff Sims and Deputy Sheriff Ivie to the several declarations is a complete defense. These officers were charged with conserving the peace in Weakley County; it was their sworn duty to do so. They were authorized to make arrests of persons guilty of any offense committed in their presence, and for violating ordinances of the City of Martin when the

same was committed in their presence. Moreover they act upon the assumption that all public laws and ordinances of municipalities are constitutional. Thus in *Roberts* v. *Roane County,* 160 Tenn. 109, 111, 23 S. W. (2d) 239, it is held:

"An unconstitutional act is not void but voidable only and ministerial officers are therefore authorized to treat every act of the Legislature as *prima-facie* valid and they are not liable for any acts committed under an unconstitutional statute on account of its unconstitutionality."

■ Ministerial officers are not as a general rule permitted to question the validity of a statute or city ordinance. In *Beaver* v. *Hall,* 142 Tenn. 416, 425, 217 S. W. 649, 651, it is said:

" 'It is certainly true that, under the great weight of authority as established by our own court, the presumption in favor of the constitutionality of a statute is so binding that the public and individuals are bound to treat it as valid. Hence it follows that the public and individuals are compelled, by judicial construction, to assume toward a legislative enactment, precisely the same attitude, whether it be constitutional or unconstitutional.' "

■ ■ "Every act of the Legislature is presumptively constitutional until judicially declared otherwise, and the oath of office 'to obey the Constitution,' means to obey the Constitution, not as the officer decides, but as judicially determined." *State ex rel. Atlantic Coast Line R. Co.* v. *State Bd. of Equalizers,* 84 Fla. 592, 94 So. 681, 30 A. L. R. 362. While there are some exceptions to the foregoing general rule none are applicable to the case now before us.

The general public welfare, and more especially the peace and good order of society, will not admit of ministerial officers being the judge of the constitutionality of statutes and ordinances. Their failure and refusal to enforce the law as written, in the absence of any proper adjudication of unconstitutionality, would be intolerable.

The action of the trial court in sustaining the demurrers is correct. The assignments of error are overruled, and the judgment of the Circuit Court is affirmed.