STATE of Tennessee, Petitioner,

v.

Johnny COLLINS, Respondent.

Supreme Court of Tennessee.

Sept. 29, 1975.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, for petitioner.

J. Gregory O'Connor, Jim D. Owen, Knoxville, for respondent.

## OPINION

FONES, Chief Justice.

The primary issue in this case is the authority of a trial judge to pass upon the constitutionality of a Legislative Act, where its validity or invalidity affects the charge to be given the jury in the trial of a criminal case.

Respondent was convicted of rape and sentenced to imprisonment in the penitentiary for twenty (20) years. His codefendant was also found guilty of rape and sentence to ten (10) years. Both appealed to the Court of Criminal Appeals. The majority of a panel of that Court affirmed the judgment as to the co-defendant and the judgment as to respondent was reversed and remanded for a new trial. Only respondent Collins is before this Court by virtue of the State's petition for certiorari.

The alleged offense occurred on August 25, 1972. The trial was conducted on May 14 and 15, 1973. The defense was based upon the alleged consent of the prosecutrix. The trial judge instructed the jury that if they found the defendants or either of them guilty of rape, they should "fix his, or their punishment at imprisonment in the penitentiary for life, or for any time not less than ten years . . ."

That was the punishment prescribed by T.C.A. § 39–3702, prior to the enactment of Chapter 192, Public Acts of 1973, Section 5, which reduced the minimum punishment for rape of a female over twelve years of age to not less than three (3) years. The Governor signed that Act and it became effective on May 8, 1973, seven (7) days before the trial judge charged the jury in this case. Neither the trial judge nor any of the lawyers in the case were aware of the passage of that Legislative Act, at the time of the trial.

On motion for a new trial, it was asserted on behalf of Collins that the jury should have been charged that the minimum punishment was three (3) years as provided in Section 5 of the 1973 Act, rather than ten (10) years, and that this was reversible error entitling Collins to a new trial.

Generally, if a penal statute is repealed or amended by subsequent legislation, an accused will still be tried under the law that was in effect at the time the offense was committed. T.C.A. § 39–114. However, the last sentence of that section provides that if the subsequent act reduces the penalty, punishment shall be in accord with that Act.

The trial judge overruled the motion for a new trial on the basis that Chapter 192, Public Acts of 1973, was unconstitutional and void because the body of the Act was broader than the caption. Since it was

void, he reasoned that no error had been committed in his instruction to the jury as the prior valid act, under which he charged the jury, remained in effect. *McMinn County Board of Education v. Anderson,* 200 Tenn. 333, 292 S.W.2d 198 (1956). On February 4, 1974, in *State v. Hailey,* 505 S.W.2d 712 (Tenn.1974), this Court ruled that the Act was, in fact, unconstitutional and void.

The majority of the Court of Criminal Appeals held that failure of the trial judge to charge what was referred to as the "current applicable" minimum sentence of three (3) years was erroneous and prejudicial. In arriving at that conclusion it was said that: (1) a Court should not voluntarily pass upon constitutional questions that are not properly before it, (2) an unconstitutional act is not void but voidable only, (3) that Chapter 192, Public Acts of 1973 was presumably a valid enactment until the Supreme Court of Tennessee decreed otherwise on February 4, 1974, in *State v. Hailey, supra,* and (4) that the 1973 Act was the law at the time of the trial, and it was not within the competence of the trial court to raise the issue sua sponte and hold the Act unconstitutional.

The dissenting opinion agreed that the 1973 Act should have been charged, but would have reduced Collins' sentence to three (3) years as opposed to granting a new trial.

We disagree with both opinions.

## I.

No one can successfully question the authority or competence of a Tennessee trial judge to rule upon the constitutionality of a statute, when raised by one of the parties as a necessary issue in the litigation. The issue of the constitutionality of Acts of the Legislature are traditionally raised and determine, first, in the trial courts of this State.

The views of our sister states on this question are accurately summarized in 16 C.J.S. Constitutional Law § 93, p. 303:

". . . it is the rule, under the American constitutional theory, that inferior courts, including even those of original jurisdiction, have power to pass on the validity of a statute and to declare it unconstitutional in proceedings before them in the courts of judicial administration. The exercise of such power, however, should be carefully limited, and avoided if possible, and, unless it appears clearly beyond a reasonable doubt that the statute is unconstitutional, it is considered the better practice for the court to assume that it is constitutional until the contrary is declared by a court of appellate jurisdiction, especially where the statute is of great importance and far-reaching effect, has been in effect for an appreciable period of time, and has been followed in innumerable cases involving the rights of property. In a proper case, however, the court should not hesitate to determine the constitutionality of a statute, if this be necessary."

The quoted text is supported by the following cases: *People ex rel. Wogan v. Rafferty,* 77 Misc. 258, 136 N.Y.S. 4 (Sup.Ct. 1912) (reversed on other grounds, 208 N.Y. 451, 102 N.E. 582 [1913]); *People v. Marcello,* 25 N.Y.S.2d 533 (Mag.Ct.1941); *State v. Packard-Bamberger & Co.,* 16 N.J.Misc. 479, 2 A.2d 599 (1938).

In *Lent v. Tillson,* 140 U.S. 316, 11 S.Ct. 825, 35 L.Ed. 419 (1891), Mr. Justice Harlan, responding to a contention that a California state court of original jurisdiction was without the power to adjudge a new tax statute to be unconstitutional, said:

". . . The judge or judges of that court were obliged, by their oath of office, and in fidelity to the supreme law of the land, to refuse to give effect to any statute that was repugnant to that law, anything in the statute or the Constitution of the State to the contrary notwithstanding." (140 U.S. at 330, 331, 11 S.Ct. at 830)

He continued with the following quote from the Supreme Court of California:

". . . But the power to do this is necessarily involved in the power of the court to act at all."

## II.

Was it necessary that the trial judge consider the constitutionality of the statute in this case?

■ It is the duty and obligation of the trial judge to conduct a trial that is free of prejudicial error and to charge the applicable law. The statute prescribing the crime and punishment pursuant to which a defendant is being tried is drawn directly into issue. Where a new act is passed amending or replacing an existing criminal statute and the rights of a defendant on trial are affected by said statute, the trial judge is faced with the necessity of making a determination as to its constitutionality. If he assumes it to be constitutional and this Court decides otherwise the defendant must be granted a new trial, if adversely affected. In such circumstances, the power and the duty to determine the validity of a legislative act necessarily confronts a trial judge. He should exercise great care and caution in declaring any act of the Legislature unconstitutional, in accord with the admonitions herein cited. But, where the act is invalid on its face, as here, he should rule accordingly.

## III.

Was it error for the trial judge to consider the constitutionality of the 1973 Act sua sponte?

■ It is incumbent upon the courts to apply the controlling law, whether or not cited or relied upon by either party. *Simmons v. State ex rel. Smith*, 503 S.W.2d 103 (Tenn.1973), cf. *Smith v. Norris*, 218 Tenn. 329, 403 S.W.2d 307 (1966).

No cases were cited and none can be found that limit judicial consideration of the law to cases or propositions of law urged by the parties. The idea that apparently exists in some segments of the bench and bar that courts cannot or must not give sua sponte consideration to the law applicable to the case on trial, or on appeal, is an anachronism, if indeed, it ever had validity in American jurisprudence.

*Bricker v. Sims*, 195 Tenn. 361, 259 S.W.2d 661 (1953) was relied upon by the Court of Criminal Appeals for the application to this case of the principle that an unconstitutional act is not void, but voidable only. As we read the case, it holds that ministerial officers are not permitted to question the validity of a statute because the peace and good order of society will not admit of such officers being the judge of the constitutionality of legislative acts, a purely judicial function.

*Bricker* relies upon *Roberts v. Roane County*, 160 Tenn. 109, 23 S.W.2d 239 (1929), for the quote that:

"An unconstitutional act is not void but voidable only and ministerial officers are therefore authorized to treat every act of a Legislature as prima facie valid and they are not liable for any acts committed under an unconstitutional statute on account of its unconstitutionality." 259 S.W.2d at 664.

The above quote is headnote twelve of *Roberts*. In *Roberts*, the Court had under consideration a statute providing the compensation for sheriffs, which it had determined to be unconstitutional. The issue of equitable estoppel was raised, based upon the fact that the county had paid and the sheriff received the compensation provided by the invalid act, in good faith and without collusion. In the course of the opinion in *Roberts* the court approves the rule,

". . . that an unconstitutional statute is not a law, does not of itself confer any rights, duties or obligations, and is 'in legal contemplation as inoperative as though it had never been passed.' *Norton v. Shelby County*, 118 U.S. 425, 6

S.Ct. 1121, 1125, 30 L.Ed. 178. But it is recognized that parties may so deal with each other upon the faith of such a statute that neither may invoke the aid of the courts to undo what they themselves have done." (160 Tenn. at 123, 124, 23 S.W.2d at 243)

■ The rule that an act is not void, but voidable only applies when the actions under consideration are those of ministerial officers, taken prior to a judicial determination of the constitutional status of the act.

■ The rule that an unconstitutional statute is not a law, does not confer any rights, and is void ab initio applies to this case, wherein the question before the court was the appropriate statutory punishment for the criminal offense with which defendant was charged.

The foregoing conclusions are inescapable from a reading of the following cases and others too numerous to mention: *Lawrence County v. Hobbs*, 194 Tenn. 323, 250 S.W.2d 549 (1952); *Matill v. City of Chattanooga*, 175 Tenn. 65, 132 S.W.2d 201 (1939); *Henry County v. Standard Oil*, 167 Tenn. 485, 71 S.W.2d 683 (1934); *O'Brien v. Rutherford County*, 199 Tenn. 642, 288 S.W.2d 708 (1956); *Williams v. Carr*, 218 Tenn. 564, 404 S.W.2d 522 (1966) and *Cooper Realty Company, et al. v. Claiborne C. Hall, et al.*, released June 16, 1975, Western Division.

## V.

■ The Court of Criminal Appeals said, "It is irrelevant that, as stated during discussion of the new trial motion, the trial judge and counsel were unaware that the minimum punishment had been reduced from ten years to three years."

We agree. The trial judge could not be expected to reach the question of whether to charge the jury that the punishment was in accord with a seven day old act of which he had no knowledge, or to charge the law it sought to replace. When brought to his attention on the motion for a new trial, he performed his duty as prescribed in the

oath of office, made a determination that the 1973 Act was unconstitutional, and that he had, in fact, charged in accord with the existing valid statutory law.

As noted by the Court of Criminal Appeals, following this Court's declaration in *State v. Hailey, supra*, that Chapter 192, Public Acts of 1973 was unconstitutional, the Legislature enacted Chapter 461 of the Public Acts of 1974, wherein the minimum punishment for the offense involved herein was restored to not less than ten (10) years. Notwithstanding the fact that the charge to the jury on a second trial would be identical to the charge given on the first trial, the Court of Criminal Appeals held that Collins was entitled to a new trial, because,

". . . there is no way of knowing what sentence the jury would have given him if they had been correctly instructed that the *minimum punishment was three years* . . ."

The 1973 Act was void ab initio and the jury was correctly instructed that the minimum punishment was ten (10) years. The minimum punishment remains ten (10) years under the 1974 Act. Any confusion about the correct disposition of this case was completely resolved by the decision of this Court in *State v. Hailey, supra*, rendered while this case was on appeal to the Court of Criminal Appeals.

## VI.

■ It has come to our attention that another panel of the Court of Criminal Appeals held in *Crigger et al. v. State*, Maury County Criminal, released in March, 1974, that to hold the 1973 Act void ab initio would work an automatic reversal of all convictions rendered between the effective date of the 1973 Act and our opinion in *State v. Hailey, supra*, with catastrophic results to the administration of criminal justice. We disagree. In those cases wherein the trial judge charged a minimum punishment of ten (10) years they were correctly charged and are not entitled to a

new trial. It is immaterial whether or not the trial judge made an affirmative determination of the constitutionality of the 1973 Act. In those cases wherein the trial judge charged a minimum punishment of three (3) years, a defendant has no standing to complain of a charge more favorable to him than the correct charge. *Wattingham v. State*, 37 Tenn. 64 (1857); *Murphy v. State*, 47 Tenn. 516 (1870); *Frazier v. Elmore*, 180 Tenn. 232, 173 S.W.2d 563 (1943), and *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900 (1944).

The Court of Criminal Appeals is reversed and the conviction and judgment entered thereon in the trial court is affirmed.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.