**Kelvin WALKER, Defendant–Petitioner,**

v.

**STATE of Tennessee, Plaintiff–Respondent.**

Supreme Court of Tennessee.

Sept. 15, 1980.

Walter C. Kurtz, Metropolitan Public Defender, Kenneth J. Ries, Research Asst., Nashville, for defendant–petitioner.

William W. Hunt, III, Asst. Atty. Gen., Nashville, William M. Leech, Jr., Atty. Gen., Nashville, of counsel, for plaintiff–respondent.

## OPINION

BROCK, Chief Justice.

Defendant Walker, along with a co–defendant, was convicted of the offense of second degree burglary for which he received a sentence of not less than three years nor more than three years imprisonment, as provided by T.C.A., § 39–903, and of employing a firearm while escaping from

a felony for which he received an additional penalty of five years imprisonment in the penitentiary, made consecutive to the three years above mentioned, as provided by T.C.A., § 39–4914. Defendant's conviction and punishment were affirmed by the Court of Criminal Appeals and we granted his petition for certiorari review in order to consider his claim that T.C.A., § 39–4914, could not be lawfully applied in this case and that his conviction and sentence thereunder were invalid, entitling him to a new trial.

A brief statement of the facts will suffice. Defendant Walker and his co–defendant broke and entered into the home of Mr. Jim Bell. While the burglars were in the residence, Mr. Bell returned and upon coming face to face with the two men, defendant Walker brandished a pistol and ordered Mr. Bell to "stick 'em up." A scuffle ensued which permitted Mr. Bell to run away from the burglars. As he ran, shots were fired at him inside the house and as he drove away in his truck. He immediately reported the incident to police who soon thereafter apprehended the burglars in the vicinity.

The defendant was charged in an indictment with the offense of (1) second degree burglary, that is, breaking and entering a residence in the daytime, and (2) with employing a firearm, "... to wit: a pistol as a means of escaping from a felony, to wit: burglary in the second degree, in violation of § 39–4914 Tennessee Code Annotated.... " The jury found the defendant guilty of both charges and he received the punishment above stated.

The defendant contends that it was improper for him to be charged, convicted and punished under the provisions of T.C.A., § 39–4914. He argues that the burglary statute, T.C.A., § 39–903, itself provides enhanced punishment for one who commits burglary while having in his possession a firearm and, therefore, that T.C.A., § 39–4914, as construed by this Court in *State v. Hudson*, Tenn., 562 S.W.2d 416 (1978) can-

not be validly applied against him in this case.

In pertinent part, T.C.A., § 39–4914, provides:

"*Use of firearms or explosives in committing or escaping from a felony–Penalties.*–Any person who employs any firearm or any explosive device while committing or escaping from a felony is guilty of a felony, and on conviction of the first offense shall be punished by imprisonment in the penitentiary for five (5) years and on conviction of a second offense shall be punished by imprisonment in the penitentiary for ten (10) years. The imposition of any sentence required by this section shall not be suspended, deferred or withheld nor shall the defendant be eligible for parole prior to serving said sentence.

"The period of confinement imposed by this section shall be in addition to any penalty provided by law as punishment for any other felony, and shall run consecutively, and not concurrently, with any other period of confinement."

The burglary statute, T.C.A., § 39–903, provides in pertinent part:

"*Burglary in second degree–Penalty.*– Burglary in the second degree is the breaking and entering into a dwelling house ... by day, with the intent to commit a felony. Every person convicted of this crime shall be imprisoned in the penitentiary for not less than three (3) years nor more than fifteen (15) years. Provided, however, if the person convicted of this crime had in his possession a firearm at the time of the breaking and entering, he shall be imprisoned in the penitentiary not less than ten (10) nor more than fifteen (15) years."

In *State v. Hudson, supra*, we held that T.C.A., § 39–4914, does not define a substantive offense but only provides additional punishment for an offender who employs a firearm in committing or escaping from a felony. We further held that:

"... T.C.A., § 39–4914, is to be applied only with respect to those felonies for

which the law does not otherwise provide an increase in punishment for use of a firearm in committing such felonies. We construe the legislative intent to be that T.C.A., § 39–4914, is not to be applied to those felonies for which the law already prescribes an enhanced penalty for the offender who commits such felony by means of a firearm." 562 S.W.2d at 419.

We hold that T.C.A., § 39–4914, was improperly applied in this case. Since T.C.A., § 39–903, enhances the punishment for the burglar who "had in his possession a firearm at the time of the breaking and entering," T.C.A., § 39–4914, as construed in *State v. Hudson, supra*, could not be applied. We cannot accept the argument made by the State and adopted by the Court of Criminal Appeals that the provisions of the two statutes are in effect mutually exclusive. We hold that a burglar who has in his possession a firearm at the time of the "breaking and entering" is also employing a firearm "while committing or escaping from a felony." One who "has in his possession a firearm" is, necessarily *employing* it. These statutory provisions are to be given a reasonable rather than a strained construction in order to implement the evident legislative purpose.

The punishment of the burglar is enhanced if he had in his possession a firearm "at the time of the breaking and entering." This does not mean that possession of a firearm after the actual physical break–in and entry has occurred does not call for enhancement; "breaking and entering" is but another way of saying "burglary"; the words refer to the offense of burglary in its entirety. *See: Key v. State*, Tenn., 563 S.W.2d 184 (1978). Possession of a firearm by the burglar at any time during the commission of the offense is sufficient to enhance the punishment.

The commission of an offense also encompasses facts designed to secure the completion of the intended felony, such as burglary, or to effect the escape of the perpetrator. *Burgin v. State*, 217 Tenn. 682, 400 S.W.2d 539 (1966). *See also*: § 221.1(2)(b), *Model Penal Code.*

Although error was committed in charging and sentencing the defendant under the terms of T.C.A., § 39–4914, it does not follow that he is entitled to relief. Under the incorrect charge he was given a total sentence of eight years (three years under T.C.A., § 39–903, plus five years under T.C.A., § 39–4914). If the jury had been correctly charged under T.C.A., § 39–903, the minimum sentence which could have been assessed against the defendant is ten years. We, therefore, agree with the argument of the State that the error was harmless with respect to the defendant and that he is not entitled to relief. *State v. Collins*, Tenn., 528 S.W.2d 814, 819 (1975) and cases there cited. In the *Collins* case we held:

"In those cases wherein the trial judge charged a minimum punishment of three (3) years, a defendant has no standing to complain of a charge more favorable to him than the correct charge." 528 S.W.2d at 819.

*See also*: 22 C.J.S. *Criminal Law* § 275 (1961).

The defendant has alleged other errors which we have considered but found to be without merit.

We affirm the judgment of the trial court and assess costs against the defendant.

FONES, COOPER and HARBISON, JJ., concur.