# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 26, 2014

## STATE OF TENNESSEE v. STORMY CONDRY

### Appeal from the Criminal Court for Sullivan County
No. S60151    R. Jerry Beck, Judge

_____

### No. E2013-01209-CCA-R3-CD - Filed May 13, 2014

_____

Stormy Condry ("the Defendant") pleaded guilty to two counts of attempt to commit aggravated assault and reserved a certified question of law concerning the retroactivity of an amendment to Tennessee Code Annotated section 39-13-107 (Supp. 2011). The Defendant contends that the amendment should be applied retroactively so as to render her conduct non-criminal. Upon our thorough review of the record and applicable law, we reject the Defendant's argument and affirm the trial court's judgments.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments
### of the Criminal Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ROGER A. PAGE, J., joined. CAMILLE R. MCMULLEN, J., concurred in result.

C. Brad Sproles, Kingsport, Tennessee, for Stormy Condry, the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Barry P. Staubus, District Attorney General; and Julie Canter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On December 6, 2011, the Defendant was charged with two counts of aggravated assault against her daughter, born on August 15, 2011, for actions the Defendant took during her pregnancy. The first count alleged that she committed the offense "between on or about

August 15, 2011 and on or about August 27, 2011."[1]  As charged in the first count, aggravated assault was defined as intentionally causing serious bodily injury "to another." Tenn. Code Ann. §§ 39-13-102(a)(1)(A) (2010); 39-13-101(a)(1) (2010).  The second count alleged that the Defendant committed the offense "between on or about May 2011 and on or about August 15, 2011."  As charged in the second count, aggravated assault was defined as causing bodily injury "to another" by the use or display of a deadly weapon.[2]  Id. §§ 39-13-102(a)(1)(B); 39-13-101(a)(1).

The Defendant filed a motion to dismiss the charges on the basis that an amendment to Tennessee Code Annotated section 37-13-107(c) ("new subsection (c)"), which took effect after the dates on which she was alleged to have committed the offenses, should be applied retroactively so as to render her conduct non-criminal.  After the trial court denied the Defendant's motion, the Defendant pleaded guilty to the lesser-included offense of attempt to commit aggravated assault on each count and reserved the following certified question of law:

> Did the trial court err in denying the Defendant's Motion to Dismiss the indictment due to the change in T.C.A. § 39-13-107, which took effect after the indictment in this case but before the case was tried on its merits, by failing to apply the new law retroactively?

**Analysis**

Between 1989 and June 30, 2011, section 39-13-107 provided as follows:

> (a) For purposes of this part [setting forth the offense of aggravated assault, among others], "another," "individual," "individuals," and "another person" include a viable fetus of a human being, when any such term refers to the victim of any act made criminal by the provisions of this part.
>
> . . . .
>
> (c) It is the legislative intent that this section shall in no way affect abortion, which is legal in Tennessee.  This section shall in no way apply to

---

[1] For the purposes of this appeal, we presume that the Defendant's criminal conduct took place on August 15, 2011, before or in conjunction with her giving birth to her daughter.

[2] Cocaine was the "deadly weapon" alleged to have been used or displayed.

acts that are committed pursuant to usual and customary standards of medical practice during diagnostic or therapeutic treatment.

Tenn. Code Ann. § 39-13-107 (2010).

Effective July 1, 2011, section 39-13-107 was amended to provide as follows:

(a) For the purposes of this part [setting forth the offense of aggravated assault, among others], "another," "individual," "individuals," and "another person" include a fetus of a human being, regardless of viability of the fetus, when any such term refers to the victim of any act made criminal by this part, and when at the time of the criminal act the victim was pregnant.

. . . .

(c) It is the legislative intent that this section shall in no way affect abortion, which is legal in Tennessee. This section shall in no way apply to acts that are committed pursuant to usual and customary standards of medical practice during diagnostic or therapeutic treatment.

Id. § 39-13-107 (Supp. 2011).

Effective July 1, 2012, long after the Defendant gave birth to her daughter, Tennessee Code Annotated section 39-13-107 was amended again to provide as follows:

(a) For the purposes of this part [setting forth the offense of aggravated assault, among others], "another," "individuals," and "another person" include a human embryo or fetus at any stage of gestation in utero, when any such term refers to the victim of any act made criminal by this part.

. . . .

(c) Nothing in subsection (a) shall apply to any act or omission by a pregnant woman with respect to an embryo or fetus with which she is pregnant, or to any lawful medical or surgical procedure to which a pregnant woman consents, performed by a health care professional who is licensed to perform such procedure.

Id. § 39-13-107 (Supp. 2012); see also 2012 Tenn. Pub. Acts ch. 1006 §§ 4-5 ("the Amendment").

A review of these statutes makes clear that, at the times the Defendant was alleged to have committed the offenses, a pregnant woman could be prosecuted for, and convicted of, aggravated assault for conduct that resulted in serious bodily injury to the fetus or that involved the use of a deadly weapon and resulted in bodily injury to the fetus. See Tenn. Att'y Gen. Op. 08-114 (May 21, 2008). Effective July 1, 2012, however, new subsection (c) rendered non-criminal the actions such as those alleged against the Defendant. We emphasize that new subsection (c) did not take effect until long after the Defendant was alleged to have committed the aggravated assaults against her unborn child. In her certified question, the Defendant asks us to construe new subsection (c) in such a manner as to render it retroactive to the dates on which she was alleged to have committed the instant offenses. We decline to do so.

As pointed out by the State in its brief to this Court, our criminal code provides that,

When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-11-112 (2010); see also State v. Collins, 528 S.W.2d 814, 815 (Tenn. 1975) ("Generally, if a penal statute is repealed or amended by subsequent legislation, an accused will still be tried under the law that was in effect at the time the offense was committed."). Moreover, as recognized by the defense, "a statute is generally presumed to operate prospectively, unless the legislature indicates a specific intention otherwise." State v. Cauthern, 967 S.W.2d 726, 735 (Tenn. 1998).

We are persuaded that this issue is controlled by our supreme court's decision in State v. Thompson:

Generally, statutes are presumed to apply prospectively in the absence of clear legislative intent to the contrary. In this case, the Legislature specifically provided in Section 2 of the Act that the amendments to the Act applied to all offenses committed on or after July 1, 1995. There is nothing in the text of the Act or in its legislative history to indicate that the Legislature intended it to be applied retrospectively. As we recently stated in State v. Odom: "[H]ad the legislature intended to depart from the long-established rule

that statutes are presumed to apply prospectively, it could have so indicated." Odom, 137 S.W.3d 572, 582 (Tenn. 2004).

151 S.W.3d 434, 442 (Tenn. 2004) (footnote and citations omitted). In Thompson, the supreme court also relied on section 39-11-112, set forth above, in determining that the statute at issue did not apply retroactively.

As in Thompson, there is nothing in the text of the Amendment to indicate that the Legislature intended it to be applied retroactively. Rather, the Amendment provides simply that "[t]his act shall take effect July 1, 2012, the public welfare requiring it." 2012 Tenn. Pub. Acts ch. 1006 § 5. We are confident that the Legislature would have indicated its intention to "depart from the long-established rule that statutes are presumed to apply prospectively," Odom, 137 S.W.3d at 582, had it intended retrospective application of new subsection (c).

As a result, there is nothing in the record before us in any way indicating that the Legislature intended new subsection (c) to apply retroactively. Accordingly, we answer the Defendant's certified question in the negative.

## Conclusion

For the reasons set forth above, we affirm the trial court's judgments.

_____
JEFFREY S. BIVINS, JUDGE