Amos E. MITCHELL, and Vaudie Mae Mitchell, as natural parents and next of kin of Susan Gail Mitchell, Deceased; and James Gilboy, Plaintiffs,

v.

Gail M. JENNINGS, Jessie R. Currin, and Denny's Restaurants, Inc., Defendants/Appellees,

Clint Crabtree, Clerk of the Circuit Court of Shelby County, Tennessee, Thirtieth Judicial District at Memphis, Intervenor/Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

May 3, 1993.

Certiorari Denied by Supreme Court Aug. 2, 1993.

Gary K. Smith, William D. Domico, Shuttleworth, Smith, McNabb & Williams, Memphis, for defendants/appellees, Jessie R. Currin and Denny's Restaurants, Inc.

Charles B. Welch, Jr., Asst. Shelby Co. Atty., for intervenor/appellant.

HIGHERS, Judge.

The Clerk of the Circuit Court at Shelby County ("Clerk") appeals from a court order directing him to disburse interest which accrued on monies deposited into court by Jessie R. Currin ("Currin") and Denny's Restaurants, Inc. ("Denny's") as security for judgments pending their appeal.

The record on appeal consists of the technical record.

On July 9, 1992, Currin and Denny's filed a motion for determination of disbursement of interest. The motion in substance contains the following allegations: On January 3, 1990, jury verdicts were "announced" in favor of plaintiffs and against Currin, Denny's and Gail M. Jennings ("Jennings") jointly and severally in the amounts of $493,000.00 and $30,000.00 plus post-judgment interest. Currin and Denny's filed a notice of appeal. On April 26, 1991, Currin and Denny's filed a motion asking the court to reduce the amount of bond required to obtain a stay of execution on the judgments pending appeal. The court ordered a ten-day stay unless Cur-

rin and Denny's filed with the court security in the amount of $438,609.60, that representing the amount of the $493,000.00 judgment minus $94,264.00 deposited with the Clerk by Jennings, plus an additional amount equal to one year's post-judgment interest on the balance at the rate of ten percent (10%) per annum or $39,873.60. The court further ordered Currin and Denny's to file with the court security in the amount of $26,690.40, representing the $30,000.00 judgment. less $5,736.00 deposited by Jennings plus $2,426.40 representing post-judgment interest. On May 23, 1991, Currin and Denny's submitted these amounts to the court. After this court affirmed the judgments, the Supreme Court denied the application for permission to appeal filed by Currin and Denny's. The Clerk placed the funds deposited by Currin and Denny's in an interest bearing account. He reported to the parties that, as of June 1992, the total accrued interest was $20,732.42. Citing T.C.A. § 18–5–106, Currin and Denny's contended that the interest accrued to the benefit of the parties pursuant to court order and by agreement of the parties. Currin and Denny's requested the court to order the Clerk to disburse the interest to the parties less the statutory five percent (5%) fee to be retained by the Clerk.

The Clerk filed a motion to intervene in which he alleged that the claim of Currin and Denny's to the interest was contrary to T.C.A. § 18–5–106 because Currin and Denny's did not obtain an order of the court directing the Clerk to invest the funds. The court entered a consent order permitting the Clerk to intervene.

On July 17, 1992, the court ordered the Clerk to disburse any and all interest that had accrued on the monies deposited by Currin and Denny's. The court further ordered that the interest would be credited against the satisfaction of the plaintiff's judgments.

■ The statute applicable to the resolution of this appeal is T.C.A. § 18–5–106 (Supp.1992).[1]

### 18–5–106. Authorized investments— Interest—Fees.

(a) The clerks and masters of the chancery courts, the clerks of the probate, criminal, circuit, general sessions, law and equity and special courts shall have the authority to invest idle funds held under their control, not otherwise invested. Such investments shall be in banks or savings and loan associations operating under the laws of the state of Tennessee or under the laws of the United States; provided such deposits are insured under the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation. Such investments shall not exceed the amounts that are federally insured unless otherwise fully collateralized under a written collateral agreement. The interest on such investments shall become part of the fees of the court clerk and the clerk shall be required to account for interest received the same as with other fees received.

(b) Nothing in this section shall be construed to relieve the clerks of courts from the responsibility of investing funds held under their control pursuant to court order or under the rules of court. The interest on those investments shall accrue to the benefit of those directed by the court or by agreement of the parties to the litigation.

(c) For investing funds as provided in subsection (b) of this section and under § 18–5–105, the clerk shall receive a fee of five percent (5%) of the earnings of such investment.

On appeal the Clerk's position is that the monies paid into court by Denny's and Currin are idle funds and that the interest on those monies are part of the fees of the Court Clerk. T.C.A. § 18–5–106(a). We disagree.

There is no definition of "idle funds" in the statute. We believe, however, that the language in subsections (a) and (b) provides an implied definition. Subsection (a) says that, "[C]lerks ... shall have the authority to invest idle funds held under their control, not otherwise invested." Subsection (b) states that "Nothing in this section shall be construed to relieve the clerks of court from the responsibility of investing funds held under

1. Neither party has attacked the validity of the statute. Thus we have presumed that the statute is valid. *Bricker v. Sims*, 195 Tenn. 361, 259 S.W.2d 661 (1953).

their control pursuant to court order...." By implication, the definition of idle funds must at least include funds held by the clerk that are not "held under their control pursuant to court order."

The question then becomes whether the monies at issue were monies held under the Clerk's control pursuant to court order. We believe the answer is yes. The court ordered Currin and Denny's to deposit security with the court for judgments pending their appeal. The Clerk points out that the court did not specify in its order how the defendants could deposit security or that the Clerk was to invest the monies. The Clerk argues that the court did not order Currin and Denny's to deposit money with him but only ordered them to deposit security. He maintains that reading the language in subsection (b) so broadly as to include the court's order in this case stretches the statute beyond reason. We respectfully disagree. In construing the statute, we are unable to draw a meaningful distinction between a court order that specifies the manner in which a litigant must post security and a court's order directing litigants to post security generally. Further, if subsection (b) of the statute required that the court specify in its order that the Clerk must invest the monies deposited into court by litigant, then section (b) would be superfluous. The court ordered Currin and Denny's to deposit security to obtain a stay pending appeal. They deposited these monies pursuant to the court's order. Their actions met the requirements of the court's order. The Clerk held those monies under his control pursuant to court order.

The second sentence in subsection (b) provides that interest on the investments "shall accrue to the benefit of those directed by the court...." The court ordered the Clerk to pay the interest to Currin and Denny's. There is no requirement in the second sentence of subsection (b) that a court direct or that the parties agree "on the front end" of depositing monies into court to whom the interest will accrue. We see no reason to read such a requirement into the statute because often the court or the parties will not know to whom the interest should accrue until the particular stage of the underlying litigation is completed.

We deny the motion of Currin and Denny's for damages for frivolous appeal.

The judgment of the trial court is affirmed. Costs are assessed to the appellant.

TOMLIN, P.J., W.S., and FARMER, J., concur.