# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST SESSION, 1998

FILED

December 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DARREL D. CANNON, | ) | C.C.A. NO. 03C01-9801-CC-00012 |
| | ) | |
| Appellant, | ) | |
| | ) | BLEDSOE COUNTY |
| V. | ) | |
| | ) | |
| JAMES BOWLEN, Warden, | ) | HON. CURTIS SMITH, JUDGE |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**DARREL D. CANNON**, *pro se*        **JOHN KNOX WALKUP**
STSRCF, Route 4, Box 600              Attorney General & Reporter
Pikeville, TN  37367

                                      **TODD R. KELLEY**
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Darrel D. Cannon, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. We affirm the judgment of the trial court.

On September 29, 1982, Petitioner was sentenced upon convictions of two counts of voluntary manslaughter, two counts of use of a firearm during the commission of a felony (voluntary manslaughter), and two counts of armed robbery. Petitioner's aggregate sentence for the convictions totaled thirty-four (34) years.

Petitioner filed a pro se writ of habeas corpus on September 15, 1997. He later filed a motion to dismiss the State's motion to dismiss the petition, which the trial court treated as an amendment to the petition for writ of habeas corpus. In his pro se pleadings, the Petitioner has asserted that the sentences are void because of the consecutive and concurrent sentencing structure imposed by the trial court, and that the trial court illegally enhanced his sentence multiple times due to use of a firearm.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of

establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

Tennessee Code Annotated section § 39-6-1710(a)(3) [repealed; see Tenn. Code Ann. § 39-17-1307] provides increased punishment for the offender who uses a deadly weapon in committing certain felonies. The subject statute does not create a separate or distinct offense but provides increased punishment of the offender who uses a deadly weapon in committing certain felonies. Walker v. State, 606 S.W.2d 531, 532-33 (Tenn. 1980). Pursuant to subsection (a)(3) of the repealed statute, the five (5) year enhancement must run consecutively with any other period of confinement. Furthermore, Petitioner admits that one of his sentences has not yet expired, thereby making Petitioner's first claim not cognizable under the habeas corpus statute since his sentence has not expired. See Tenn. Code Ann. § 29-21-101 - 130.

Petitioner's claims that he was subject to illegal multiple enhancement factors, and that the consecutive/concurrent sentencing structure is "illegal," are not proper grounds for relief in a habeas corpus proceeding. The enhancement allegation, if meritorious, would merely make Petitioner's judgments voidable, not void. The same is true on the consecutive/concurrent sentencing structure. Therefore, these claims are also not cognizable under the habeas corpus statute. See Tenn. Code Ann. § 29-21-101 - 130.

Based on the foregoing, we find that Petitioner has failed to carry his burden of establishing by a preponderance of the evidence either a void judgment or an illegal confinement. Passarella, 891 S.W.2d at 627. If it is clear from the face of the petition that the petitioner is not entitled to relief, then the trial court is not required to hold a hearing or inquire into the allegations in the petition, but may dismiss the petition summarily. Id. We agree with the trial court's dismissal of Petitioner's petition.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JOE G. RILEY, Judge